## THRASHER and MITCHELL vs. PINCKARD'S HEIRS AND ADMINISTRATORS.

1. An outstanding right of dower, whether perfect or inchoate, is an incumbrance upon a title which renders it defective ; and a vendee who has contracted for "good and lawful titles," may come into equity to have compensation for such dower claim out of the unpaid purchase money.

2. The court of probate can only allot dower in the mode prescribed by the statute, and in those lands of which the husband died seized ; if the husband aliened in his life-time, and the purchaser has put valuable improvements on the lands, he may come into equity against his vendor's widow and heirs, to have the dower claim settled and deducted from the unpaid purchase money.

ERROR to the Chancery Court of Chambers.

Heard before the Hon. W. W. MASON.

THIS bill was filed by the plaintiffs in error, Jno. J. Thrasher and Peter Mitchell, against the widow, heirs at law and personal representatives of Peyton Pinckard, deceased. It alleges that said Thrasher, one of the complainants, on the 10th day of November, 1849, contracted with said Pinckard for the purchase of certain tracts of land in said bill specifically described, for which he agreed to pay to the said Pinckard the sum of $2250, and in payment of the purchase money the said Thrasher executed to the said Pinckard two notes, one for the sum of $1000, falling due on the 25th December, 1849, and the other note for $1250, falling due on the 25th December, 1850, with interest from the 25th December, 1849 ; that said Pinckard, on the said 10th day of November, 1849, made and executed to the said Thrasher his bond, in the penal sum of $4500, conditioned to make to the said Thrasher or his assigns "*good and lawful titles*" to said lands, on the payment of the purchase money, and on the further condition, that he was to give to the said Thrasher, his heirs or assigns, the possession of the said premises on the said 25th day of December, 1849, at the maturity and on the payment of the first of the above described notes ; that said note was paid by said Thrasher at its maturity, and he went into possession of the said premises according to the terms of the said agreement ; that before the second note ma-

tured the said Peyton Pinckard died, intestate, upon whose estate Evan G. Richards and Martha E. Pinckard, widow and relict of the said Pinckard, deceased, have taken letters of administration, and are administrator and administratrix of said estate; that the other parties defendants are the lawful heirs of the said Peyton deceased.

The bill further alleges, that the said Thrasher, on the 3d day of September, 1850, and before the maturity of the second of the above described notes, assigned and transferred all his rights and interests, in and under the said bond for titles, to the other complainant, Peter Mitchell; that since the death of Peyton Pinckard, the defendant Martha E. Pinckard has proceeded by petition in the Orphans' Court of Randolph County, Ala., to demand her right of dower in the premises in question, and demands one third of the same by metes and bounds, for the term of her natural life, and is now prosecuting her suit in the court aforesaid, against the complainant Mitchell, who is in possession of the land, for the recovery of her dower as aforesaid; that the complainant Mitchell has paid up all of the last note, except $1000, and has tendered the payment of that upon the condition that he could get a title for the land, with a relinquishment of the dower claim by the said Martha E. Pinckard, widow and administratrix as aforesaid; but that she and the other administrator refuse to receive the money on those terms, and refuse to make the relinquishment of dower as demanded by complainants, without a further payment of $2000, over and above the payment of the purchase money agreed to be paid for said lands. Complainants offer to the court to pay the entire amount of the purchase money agreed to be paid for the land, if they can receive such a title as they insist they have a right to call for under the bond which they hold of the said Peyton Pinckard, deceased.

They further allege that the said administrator and administratrix have commenced suit in the Circuit Court of Chambers County against the complainant Thrasher, to recover the balance yet remaining unpaid on said note, and insist that they have the right to collect the entire balance remaining unpaid on said notes, notwithstanding the said Martha E. is prosecuting her claim of dower in the manner above stated, and notwithstanding the complainants have offered to pay the money on receiving the

75

title which they contend was stipulated for in the said bond.

They further allege that, since the premises in question have passed into the possession of the complainants, they have made material and valuable improvements thereon, such as would make it impossible for any court to set off dower by metes and bounds, and do justice between the parties, and that full justice could alone be done, by equitable compensation being made to the demandant in lieu of dower by metes and bounds ; that the Probate Court of Randolph County has no power to render such a judgment or decree in the premises as the nature of the case and the peculiar circumstances demand.

The bill prays an injunction, to stop the further prosecution of the suit at law on the note, and if the dower claim is insisted on, and allowed, that compensation be made out of the purchase money unpaid for such claim ; and also that the further proceedings in the dower suit pending in Randolph County be arrested, and that the demandant be compelled to come before the court of chancery to further prosecute her claim for dower, if any such she has, and for general relief.

The injunctions were awarded according to the prayer of the bill. The administratrix filed an answer to the bill, but, as no question arises thereon, it is not deemed necessary in any manner to notice it.

At the May term of the Chancery Court for Chambers County, a motion was made to dismiss the bill for want of equity, which motion prevailed.

From this decree a writ of error is prosecuted, and it is here assigned for error.

John T. Heflin, for plaintiffs in error :

There is equity in the bill, and a court of chancery alone is competent to do justice between the parties ; the injunction ought to be retained, to prevent injury and circuity of litigation. An account will have to be taken ; and where matters of account are to be settled in dower suits, chancery is the proper forum.—Smith v. Beavers & Jemison, 11 Ala 20 ; 17 Ala. 296 ; Herbert v. Wren, 7 Cranch.

An inchoate right to dower attaches upon marriage, and is an incumbrance upon the title, for the removal of which the aid of a court of equity may be invoked. It is the duty of the owner

of the fee to have dower assigned, and he may become the actor in such proceedings, and an alienee of the husband may resort to equity for that purpose.—Barnett v. Gaines, 8 Ala. R. 373; Parks v. Brooks, 16 *ib.* 529; Shelton v. Carroll, 16 *ib.* 148.

Courts of equity recognize rights, and administer remedies, where courts of law do not recognize such rights, or if recognized they are left to the conscience of the party.—Kennedy v. Kennedy, 2 Ala. The demandant can only assert a right of dower, subject to the equity of the complainants, and in the mode least injurious to their rights.—Fry v. Merchants' Insurance Co., 15 Ala. 810.

The land owned by the husband at his death, should have been allotted to the demandant, and she cannot claim dower in lands aliened by the husband, until the lands owned at his death are exhausted.—6 Dana 471; 4 Wash. C. C. R. 305.

In this case the complainants are entitled to the relief they seek. When the husband of the demandant died, the time had not arrived when the purchasers by the contract could protect themselves against a claim of dower by a conveyance or release, yet there was a right in equity to the land from the time of the purchase, and upon payment of the purchase money, (the last note for which did not fall due until after the vendor's death,) to a conveyance of the title free from dower and all other incumbrances.—17 Ala. 295; Burlace v. Cook, 2 Freeman's R. 24; Jerrard v. Saunders, 2 Ves. Jr. 454; Paine v. Compton, 2 Y. & Coll. 457; Parker v. Blythemore, 2 Eq. Ab.

The Court of Probate, if it has jurisdiction at all in a case like this, to entertain a petition, and hear and determine a claim for dower, in lands aliened by the husband, is incapable from its limited jurisdiction of doing justice to the parties.—Barney v. Frowner & Wife, 9 Ala. R. 901; Nance v. Hooper, 11 Ala. Rep. 552.

RICHARDS & FALKNER, *contra :*

1. The bill discloses no sufficient reason for resorting to a court of chancery. The estate of Pinckard being solvent, the complainant's remedy is by an action at law upon the bond.— McLemore v. Mabson *et al.*, 20 Ala. 137; Parks v. Brooks, 16 *ib.* 529; Cullum v. Br. Bank, 4 *ib.* 21; Goodwin v. McGehee, 15 *ib.* 233.

2. The court cannot compel the widow to take dower in money, as there is no special reason (such as the law recognizes) shown to authorize it.—Beavers & Jemison v. Smith, 11 Ala. 20, and authorities there cited.

3. There is no averment in the bill that the estate of Peyton Pinckard is insolvent, or unable to respond in damages, or other sufficient reason for holding to the possession of the premises ; and there is no offer in the bill to rescind the contract; and complainants having a clear legal remedy at law, the bill was properly dismissed.

GIBBONS, J.—According to the views which we entertain of the case presented by the bill, the decision of the Chancellor in dismissing it for want of equity cannot be sustained. It will be recollected that, on a motion to dismiss for want of equity, all the allegations of the bill are to be taken as true. Adopting this rule, under previous decisions of this court, the bill, taken as a whole, presents two distinct grounds of equity, each of which is sufficient to give the court jurisdiction of the case.

The counsel engaged in the argument of the cause seem to differ as to the extent of the covenant for title found in the bond of P. Pinckard, deceased. The obligor in this bond binds himself to make "*good and lawful titles*" on the payment of the purchase money according to the terms of the stipulation.— This covenant undoubtedly binds the obligor to convey a title free from incumbrances, and a right of dower outstanding, whether the right is one perfected by the death of the husband, or one merely inchoate, is such an incumbrance upon the title as renders it is defective and justly obnoxious to the objections of the grantee.—Parks v. Brook, 16 Ala. 529 ; Springle's Heirs & Admr's v. Shields & Paulling, 17 Ala. 296. The obligor of the bond was bound by the terms of his contract to convey a title free from all claims of dower whether of his own wife or of any other person, and the condition of his bond could not be said to be performed whilst this claim for dower set up by Mrs. Pinckard was outstanding. This being the extent and scope of that contract, under the decision in the case of Springle's Heirs & Admr's v. Shields & Paulling, and the authorities there cited, the complainants would be entitled to compensation for this dower claim, and to have its value deducted from the

purchase money. This is a clear equitable right, which, of itself, gives the court jurisdiction of the cause, and shows the error of the Chancellor in dismissing the bill for want of equity.

Again; the bill alleges, that, by the changes and improvements that have been made upon the place since it passed into the hands of the complainants, its value has been so much enhanced, that an allotment of dower by metes and bounds under the statute, by the Orphans' Court, would be inequitable and unjust. Taking this allegation to be true, we here see also, under the decisions of this court, another distinct ground of equitable interference by the Chancery Court. The law undoubtedly is, that a demandant who seeks dower in land aliened by the husband during his life-time, is entitled to be endowed as of the value of the lands at the time of the alienation ; and if the lands have subsequently, in the hands of the purchasers, greatly increased in value, from the improvements which they have made from time to time, the demandant can claim no benefit from such improvements, but must be confined to the value, as above stated, at the time the lands were sold. The Probate Court, being one of limited jurisdiction, can only allot dower in the mode pointed out by statute, and where the decree has to be moulded so as to meet the justice of the case arising from the peculiar circumstances, a court of chancery alone has power to make the proper decree, nor can the Probate Court allot dower, except in those lands of which the husband died seized.—Nance v. Hooper, 11 Ala. 552 ; Barney v. Frowner and Wife, 9 Ala. 901. Here is the second ground of equity shown by the bill.

For these reasons, the decision of the Chancellor dismissing the bill for want of equity is reversed, and the cause remanded, with instructions to have the same re-docketed, and that the court below proceed with the cause. It is further ordered that the defendants in error pay the costs of this court.