CHARLES NOECKER, Appellant, v. MARTHA A. WALLINGFORD ET AL., Appellees.

Partition: SPECIFIC PERFORMANCE: NATURE OF ACTION. A petition
1 which pleads an agreement to transfer an undivided interest
in property to a joint owner at a stipulated price, and does not

ask that the property be divided in kind or sold and the proceeds divided, presents an action for specific performance rather than in partition.

**Specific performance:** CONTRACT BY ONE SPOUSE. One who contracts for the purchase of land with the spouse owning the title is only entitled, in an action for specific performance, to a conveyance of the interest of that spouse, but may be protected against the contingent interest of the other by a provision in the decree that he retain a proportionate amount of the purchase money.

**Same.** Where it was the clear intention of the parties at the time of entering into a contract for the conveyance of land that it should operate upon the entire interest of the vendor without any reservation of a dower interest therein, it will be enforced in equity although executed only by the owner of the legal title, and although a strict interpretation of the literal terms used might point to a different result.

**Specific performance:** FRAUD. Equity will not enforce a contract for the conveyance of land in furtherance of an agreement to divide property owned jointly, where it appears that the vendee has used community funds not taken into account in the settlement because of his false representation, whether intentionally or by mistake, that the same had been invested in life insurance for the benefit of the vendor.

**Misjoinder of causes of action:** WAIVER OF OBJECTION. Where no objection is made to the misjoinder of an action for partition with one for specific performance, and. the cause was determined on the theory that the objection was waived, it will be disposed of on appeal on the same theory.

*Appeal from Washington District Court.*— Hon. John T. Scott, Judge.

Monday, March 11, 1907.

Action in equity for partition of real estate. The case is stated in the opinion. The decree was adverse to both plaintiff and Martha A. Wallingford in some respects, and each has appealed. Plaintiff will be denominated the appellant.— *Affirmed.*

*Charles A. Dewey* and *H. M. Eicher,* for appellant.

*S. W. & J. L. Brookhart,* for appellees.

BISHOP, J.— The plaintiff and the defendant Martha A. Wallingford are brother and sister.   The defendant D. H. Wallingford is the husband of his codefendant.   In the year 1887 plaintiff and his sister became joint owners, through inheritance, of a farm in Washington county and considerable personal property situated thereon.   Both were unmarried at the time, and they went into possession with the understanding and agreement that the farm should be carried on in their joint interest, plaintiff to attend to the outside farm work and business, and his sister to perform the duties common to a farm housewife, and the proceeds and profits to inure to them in equal proportions.   The arrangement thus entered upon continued amicably until about the year 1900, when it was broken in upon by the marriage of the sister.   In the meantime they had been prosperous — not only had the land increased in value, owing to a general rise in the value of farm lands, and from improvements made, but they had acquired title to other and adjacent lands.   They had also increased their holding of personal property to a considerable extent and value.   Upon the marriage of the sister she withdrew from the farm, and took up her residence with her husband.   Thereafter plaintiff continued the farm operations and business as before, and the mother of the parties acted as housekeeper for him.   Matters thus continued until in the year 1903, when it would seem Mrs. Wallingford brought suit for partition of the real estate, and for an accounting and division of the personal property.   Pending such suit, and in October, 1903, the parties came together in conference, and this resulted in a written agreement of compromise and settlement, wherein it was provided that plaintiff should purchase the interest of his sister in all the property, and, in addition to paying all indebtedness having relation to the property and owing by the parties, he should pay her the sum of $14,000, said sum to be paid March 1, 1904, and the deed to be then executed and delivered.   " The said deed to be a quitclaim deed con-

veying all her interest in said land and personal property."
The contract was signed by the brother and sister alone.
On the date fixed therefor plaintiff tendered to Mrs. Wal-
lingford the sum of $14,000, and demanded a deed, and the
latter thereupon tendered a deed executed by herself alone.
This plaintiff declined to accept, and presented a deed pre-
pared to be executed by both Mrs. Wallingford and her hus-
band, and this she refused to execute. This action fol-
lowed.

The petition recites the facts stated in substance above.
In addition, plaintiff alleges that he has at all times been
and is now ready and willing to pay defendant the sum as
provided for in the contract of settlement upon delivery to
him of a deed executed by both defendants, but that defend-
ant D. H. Wallingford has, and still does, refuse to join in
the execution of such a deed.  There is, then, this averment:
" The interest of plaintiff in said premises is the ownership
in fee simple of the undivided one-half, and the equitable
interest owned by him by said contract for the purchase of
the remaining one-half of the same; and the interest of the
defendant Martha A. Wallingford in said premises is the
obligation of her and her husband by virtue of said written
contract to convey her interest in said premises, and her un-
divided one-half of the same, to the plaintiff, subject to her
lien for the payment of the purchase price of said premises
as provided for by said written agreement.  That the said
real estate under the ownership as now existing cannot be
equitably divided into the requisite number of shares be-
tween the aforesaid owners according to their interest and
title, and partition of said premises should be made by a
conveyance of the whole by a referee or commissioner ap-
pointed by the court to plaintiff under the contract entered
into as hereinbefore stated.  That Martha A. Wallingford
agrees to convey said lands, but her husband refuses to join
therein, and plaintiff states that a conveyance to him by a
referee would carry out the agreement of the parties and

make partition of the interest of all parties concerned in the title to the lands or the proceeds thereof." It is a further averment that plaintiff " is now ready and willing to permit the court to fix the interest of said D. H. Wallingford in the said real estate and provide for the placing of the same in a manner to secure the rights of said D. H. Wallingford as his prospective distributive share in said land, and will pay the whole of the aforesaid consideration of said real estate by paying the amount found by the court to be the interest of said Wallingford to such party, and in such manner as the court may direct, and to pay the balance to defendant Martha A." In a succeeding paragraph this further is said: "Plaintiff elects to take the enforcement of said contract and the compliance with the terms of the same by the defendant Martha A. Wallingford, and elects to take the condition of the title as it exists with the said contract in full force, and the plaintiff elects to retain without interest, until D. H. Wallingford is entitled thereto, such sum as the court may fix as representing the contingent interest of said D. H. Wallingford in the real estate by reason of his possible dower right and distributive share." The prayer of the petition is "for the partition of said real estate as herein stated, and for the appointment of a referee to convey and transfer said land as herein alleged," that the interest of plaintiff and Martha A. in and to the real estate be fixed and established, and that an order be entered fixing the amount to be retained and held for the protection of the rights of D. H. Wallingford.

The defendants answered separately. Martha A. Wallingford denied that by the contract of settlement it was contemplated that the interest of her husband in the real estate should be conveyed, and asserts that the sum of $14,000 was fixed and agreed upon as the value of her interest, apart from the dower interest of her husband. In a separate count she charges that the management and control of the joint property and interests was intrusted wholly to plaintiff, and that

at no time did she have more than scanty knowledge of the details; that she trusted and relied upon plaintiff to care for and protect her interests. And she says that in making the contract of settlement plaintiff fraudulently and wrongfully concealed from her the true condition of affairs; that he underestimated the value of the property and overestimated the amount of the debts owing by them; that he concealed the fact that he had wrongfully and fraudulently withdrawn money for his own purposes — especially to pay life insurance premiums — for which he failed to account. By reason of these matters she alleges the contract of settlement to be void. In a further count she prays for a reformation of the contract writing of settlement to affirmatively show that the consideration expressed was intended only to be for the interest of this defendant as distinct from any interest of her husband. In a cross-petition she demands a decree of partition of the real estate and an accounting as to the personal property. The defendant D. H. Wallingford answered, denying that he was a party to the settlement contract, and asserting that he has and still does refuse to relinquish his dower right in the real estate. The plaintiff answered the cross-petition and therein " admits that in case defendant must appeal to the real estate to procure her interest in the same that it is to the best interests of both plaintiff and defendant to make sale of the premises and pay defendant Martha A., from the proceeds," etc. Upon the issues thus joined the parties went to trial. At the close of the evidence defendant amended her answer and cross-petition to correspond with the proofs, and this will be taken note of as far as necessary in the further course of the opinion.

I. We think plaintiff's action must be taken to be one for specific performance, and not one for partition. An action for partition is where an owner of an individual interest in real estate comes before the court praying that the whole of such real estate be taken over by the court and par-

celed out among the respective owners, according to the ex-
tent of their several interests, or, if that can-
not be equitably done, that the whole be sold
for the best obtainable price and the proceeds
distributed.   In this State the right on the part of one or
more co-owners to demand partition is regarded as an equi-
table one, and the proceedings are regulated by statute.
*Wright v. Marsh,* 2 G. Greene, 94; Code, chapter 6, title 21.
Here the plaintiff does not ask that the real estate be divided,
or, in the alternative, that it be sold as a whole and the
proceeds divided.   With his eyes fixed upon his contract,
he demands that the undivided half of the defendant be sold,
and that it be sold to him, and for the sum of $14,000, and
all in fulfillment of said contract.   The action will be taken
for what it is, and not for what it is labeled.   *Hornish v.
Stove Co.,* 116 Iowa, 1.

1. PARTITION: specific performance: nature of action.

Proceeding in accordance with this view, it follows that,
unless that which appears under one or more of the defenses
pleaded should be given effect to control the situation, the
plaintiff was entitled to a decree as against
Martha A. Wallingford.   But he was not en-
titled to any relief as against her husband
and co-defendant.   One who is satisfied to enter into a con-
tract for the conveyance of lands with the spouse owning and
holding the legal title must be content with a conveyance of
such interest as that spouse has right and power to convey.
If he shall not be satisfied so to do, whatever remedy he may
have under his contract lies elsewhere than in an action for
specific performance.   *Troutman v. Gowing,* 16 Iowa, 415;
*Venator v. Swenson,* 100 Iowa, 295.   If the contract holder
elects to take title to the interest of the contracting spouse,
he may be protected by the decree against the contingent
dower right of the spouse not joining.   And this may be ac-
complished by a provision in the decree that he shall retain
a fixed proportionate amount of the purchase money   *Leach
v. Forney,* 21 Iowa, 271; *Presser v. Hildenbrand,* 23 Iowa,

2. SPECIFIC PERFORMANCE: contract with one spouse.

483; *Zebley v. Sears,* 38 Iowa, 507; *Hession v. Linastruth,* 96 Iowa, 483. This the plaintiff in setting forth his causes of action elected to do.

Having thus determined the status of plaintiff, we may now turn to a consideration of the matters of defense pleaded, and the demand of the cross-petition; and first as to the contention of the defendant that her agreement was exclusive of the dower interest of her husband, and that the writing should be so construed. This position is wholly untenable. The parties were joint owners of the property, and the contract was one looking to the segregation of the several interests. After deducting the indebtedness, and some items due to plaintiff, the value of the whole was fixed upon as $28,000, one-half of which, of course, measured the holding of each. It is true that, as written, the agreement of plaintiff was " to purchase all the right title and interest . . . in the personal property. . . . Also the undivided one-half of all the land," etc., and further, that " the deed to be a quitclaim deed conveying all her interest in said land," etc. But language thus employed is not always controlling. Where parties intend that a contract shall have operation upon the moiety of an estate without reservation or qualification, it must be so construed; and this, even though a strict interpretation of the literal terms used might point to a different result. And it is familiar doctrine that language used in a contract must be interpreted in the sense in which the promisor knew, or had reason to believe, the promisee understood it. *Evans v. McConnell,* 99 Iowa, 326; *Connor v. Baxter,* 124 Iowa, 219. The case of *Henderson v. Beatty,* 124 Iowa, 163, is not an authority against our present conclusion; on the contrary, it tends to support. Now, in this case, a survey of the whole record puts it beyond doubt that plaintiff understood he was contracting for an exclusive title to the moiety owned by his sister, and that he would get a deed signed by both herself and husband. We think that at the time she so

3. Same.

understood the contract, and that her present contention arose out of an afterthought. The court below refused to give countenance to the defense thus set up, and we think rightly so.

II. It was disclosed on the trial that during the time plaintiff and defendant were residing on the farm plaintiff purchased several insurance policies covering his own life and made payable in the event of his death to his estate. The premiums on such policies were paid by him out of the community prop-

4. SPECIFIC PER-
FORMANCE:
fraud.

erty, and amounted, including interest, to the sum of $2,752.80. Defendant was advised of this expenditure, but she did not know of the provisions of the policies as to the beneficiary. It seems, however, that both parties acted upon the mistaken supposition that the amount of the policies on maturity would become due and payable to defendant. The mistake lay in the fact that, while plaintiff was unmarried and childless, his mother was still living, and in case she survived him would become entitled in law to payment of the entire proceeds of the policies. This was the situation at the time of the settlement, and, as it appears that the matter of such premium payments was not adjusted in making the settlement, it follows, of course, that she was deprived of credit for one-half the amount of such payments. Plaintiff made no offer to correct the error, and defendant testified that she would not have entered into the contract of settlement as made had she been advised of the situation as in truth it existed. Holding that a mistake thus made was sufficient to avoid the contract, the court denied specific performance as against Martha A. Wallingford, and this is one of the grounds of plaintiff's appeal.

It is no part of the contention of counsel for appellant that the mistake, if in such light the matter shall be considered, was not of sufficient importance or gravity to invalidate the contract. But, aside from this, we shall see presently that the court was warranted in taking that position. The

contentions of counsel in this connection are two — that no
such relief was demanded in the answer; and, if it was, the
proof failed to establish a case of mutual mistake. Neither
contention can be sustained. In the second count of the
answer the subject-matter of the diversion of the community
funds is specially pleaded in denial of plaintiff's right to
specific performance, and the prayer is for a dismissal of
the petition. It is true that after pleading the facts defend-
ant characterizes the transaction as a " fraud " upon her,
and does not in terms refer to it as involving a " mistake."
The latter and more charitable word was adopted by the
court in passing decree. But it is immaterial which word
is applied. It is the facts which are relied upon to defeat
the action, and, if they are sufficient to that end, it cannot
matter what appellation is given thereto, or whether any is
given, and the facts were sufficient, especially as addressed
to an action of this character. Plaintiff knew that the poli-
cies were payable to his estate. If he knew that, she sur-
viving him, the entire proceeds of the policies would go to
his mother, he was guilty of a fraud because he gave de-
fendant assurances that the insurance was for her benefit,
and to enable her in case of his death to cancel all their
indebtedness. If he did not know that in fact, then there
was a mistake on his part. We need not stop to consider
whether such was a mistake of law or fact or both. And,
whether fraud or mistake, it entered into the contract of
settlement.

On the part of defendant she had no more than the un-
derstanding given to her by plaintiff that the insurance was
for her benefit. And with this understanding she went into
the contract of settlement. Her mistake, at least, was one
of fact. The relation between the parties was a confidential
one. Plaintiff falsely — whether intentionally or mistak-
enly is not material — misrepresented the situation to de-
fendant, and that under such circumstances equity will inter-
vene to afford relief is not open to doubt. *Montgomery v.*

*Shockey;* 37 Iowa, 107; *Mohler v. Carder,* 73 Iowa, 582; *Hubbard v. Weare,* 79 Iowa, 678. Moreover it is fundamental doctrine in equity that the courts will not lend their aid to specifically enforce contracts where any inequity appears. The subject is largely committed to the sound discretion of the court, and, if fraud is shown, or there has been imposition or mistake, or undue advantage, the plaintiff will be turned away empty handed. *Wilmer v. Farris,* 40 Iowa, 309; *Palo Alto County v. Harrison,* 68 Iowa, 81; *Giltner v. Rayl,* 93 Iowa, 16.

III. In presenting her cross-petition, the defendant ignored the statutory provision to the effect that no other cause of action shall be joined with an action for partition.

5. MISJOINDER OF: causes of action; waiver of objection.

Plaintiff made no objection and answered, and the cause was tried on its merits as to all the issues presented. The court below assumed that the plaintiff intended to waive the misjoinder, and proceeded to a decree accordingly. We shall proceed on the same theory. As we have seen, one form of relief demanded by defendant in her original cross-petition was for partition of the real estate, and this was granted by the court. There could not be any error in this. With the settlement contract out of the way, the court was open to the reception of any application on the part of either party looking to a division of the property. And we may pass the subject without further comment. An accounting as to the personal property was had, resulting in a finding that the settlement of October, 1903, was fair in all respects, save as to the community moneys expended by plaintiff for life insurance, and as to some minor items, principally interest and services found in favor of plaintiff. The decree was in favor of defendant for the sum of $916.40. It is from this — insisting that the award should have been greater in amount — that defendant appeals. We have gone over the record, and, without entering into details, we conclude that no substantial error was made. The evidence was more or less in conflict, and the

court with the witnesses before it seems to have gone into the question with patience and care. We shall not disturb the finding. As before indicated, the defendant at the close of the evidence filed an amendment to her cross-petition. In view of our conclusion in respect thereto, we need not stop to consider the motion made to strike such amendment. Therein the claim was made that defendant was entitled to have an interest in the life insurance policies decreed her. Undoubtedly this was in view of a possible holding that she could not be allowed anything on account of the payment of the premiums on such policies. As she was awarded such allowance, she can have no further interest in the policies.

On the submission of the case, the matter of the rents and profits accruing since October, 1903, and of the services of plaintiff rendered since that date, were reserved for future determination. Accordingly the court made no pronouncement in respect of such, and we have given the same no consideration.

It follows from what has been said that there was no error in the decree, and it must be, and is *affirmed*.