## OSBORNE *v.* FAIRLEY.   .

## Opinion delivered April 28, 1919.

1. ˝ VENDOR AND PURCHASER—MISTAKE OF LAW.—A contract of sale
   will not be set aside merely because the vendor did not under-
   stand the meaning of legal terms employed therein where it is
   not contended that the purchaser did not understand the quoted
   words, and there is no evidence that he took advantage of the
   vendor's ignorance of the terms and had them inserted for the
   purpose of reaping some advantage.

2. SPECIFIC PERFORMANCE—PARTIAL PERFORMANCE.—Though a ven-
   dor was unable within the 60 days agreed upon, to furnish a mar-
   ketable title to the land purchased, the purchaser was entitled to
   part performance and compensation for failure of the vendor to
   perform as to the residue.

3. VENDOR AND PURCHASER.—Only in the event that the vendor had
   tendered an abstract of title and deed to the purchaser, and the
   latter had failed or refused to accept the same, could the vendor
   exact a forfeiture of earnest money.

Appeal from Craighead Chancery Court, Eastern
District; *Archer Wheatley,* Chancellor; affirmed.

### STATEMENT OF FACTS.

On June 30, 1916, the appellant and the appellee en-
tered into a contract, by which the appellant agreed to
sell to the appellee a certain tract of land in Craighead
County, Arkansas.

After reciting the agreement between appellant, as
party of the first part, and appellee, as party of the sec-
ond part, and describing the land, the contract further
provides:

"The consideration of said sale being the sum of
twelve hundred and no-hundredth dollars; paid as fol-
lows: A one-hundred-dollar check and this contract to
be left on this date with Dr. Grady, at the Citizens Bank
of Monette, and eleven hundred dollars; to be paid in
sixty days, upon the said party of the first part furnish-
ing the said party of the second part, a warranty deed,
and abstract of title, the abstract to be approved by the
attorney of the said party of the second part, provided,
that should the party of the second part fail to carry out

his contract the one-hundred-dollar check is to be paid over to the party of the first part, said party of the second part having no claim on it after the sixty days.''

Something over a month after the expiration of the sixty days, the appellant furnished the appellee an abstract of title to the lands in controversy, which was not approved by the attorney of the appellee by reason of certain alleged defects, which are set forth by him in a letter to the appellee, and which the parties agree appear in the abstract.

The appellant made no effort to cure the alleged defects in the abstract, being under the impression that the making of the abstract complied with his contract. As appellee did not accept the abstract, the appellant refused to proceed further, and treated the rights of appellee as forfeited and cashed the one-hundred-dollar check, drawn by the appellee in appellant's favor, which had been deposited by the appellee in the bank in compliance with his contract.

Appellee brought this suit on April 3, 1917, against the appellant for specific performance, setting forth in his complaint the contract above mentioned, alleging compliance, on appellee's part, with the terms of the contract, and its breach by the appellant. Among other things the appellee alleged that the title to the land in controversy while not yet approved by the appellee was capable of being placed in the condition where it would receive his approval, by appellant bringing suit to confirm the title, which appellant had refused to do; that the appellant was a married man and his wife had an inchoate right of dower in the premises; that there were certain drainage taxes due on the land which should have been paid, and which were due at the time the contract was entered into. Appellee alleged that he was ready, willing, and able to comply with the terms of the contract on his part and tendered in his complaint the balance of the purchase money, less the sum of $75 the approximate cost of the confirmation suit. He prayed that the appellant be required to convey to the appellee the land in suit.

The appellee also filed an application for a temporary restraining order, setting up that the appellant was insolvent and was cutting down and removing from the land valuable timber. This application for a restraining order was granted by the court.

The appellant answered admitting that he entered into the contract set forth in the complaint but denied all the other material allegations, and among other things alleged that at the time he (appellant) cashed the check for $100, deposited in the bank as a forfeit by the appellee, that he honestly believed that he was justly entitled to the money, believing that he had fully complied with his contract and that the appellee had breached his. He tendered in court the sum of $100, with interest from the 20th day of November, the date same was cashed by him. He alleged that the minds of the parties did not meet upon the points of the contract and that at the time he signed the same the appellant did not understand the legal meaning of the words "warranty deed;" that appellant believed that all he was required to do under the contract was to furnish an abstract of title to the lands as it then existed. By way of cross-complaint he set up that he was damaged by reason of the temporary restraining order preventing him from clearing his land and cutting and removing timber therefrom in the sum of $1,000, for which sum he prayed judgment and also prayed that the complaint be dismissed for want of equity.

The appellee denied the allegations of the cross-complaint.

The above were substantially the issues raised by the pleadings.

The court found as follows: "That the plaintiff has deposited in this court a sufficient sum to pay the balance due by him on the purchase price of said land; that the sum of $49.49 is balance due for the drainage taxes assessed against said land for the year 1915 after deducting $5.71, amount paid by defendant for 1917 State and county taxes, and should be deducted from the balance due otherwise to defendant; that the defendant was

72 years of age when the contract should have been performed, a married man, and that his wife was sixty-seven years of age at that time; and that she now refuses to join in the execution of a deed, and that value of her contingent dower interest is $66.29, which should also be deducted from the sum otherwise payable to the defendant.''

The court, thereupon, entered a decree ordering that the sum of ''$984.22 be paid to the defendant, J. M. Osborne, and that thereupon all his right, title in and to said land be divested out of him and vested in the plaintiff, O. M. Fairley; and that the defendant pay all costs, and that said plaintiff be given immediate peaceable possession of said premises.''

The court further ordered that the plaintiff take nothing on his claim for compensation for defect of title on account of any alleged necessity for confirmation of said title. The decree further recites that ''plaintiff in open court agrees to waive any such deduction.''

From this decree the appellant prosecutes this appeal.

*W. E. Tumlin* and *H. W. Applegate,* for appellant.

1. Appellant has done everything that his agreement called for except in so far as he was prevented by appellee and it was not necessary for him to do more, and the refusal and failure of Fairley to accept entitled Osborne to declare the contract terminated. The law is elemental and the equities are with Osborne. 12 Ark. 421 (551); 125 *Id.* 589; 49 *Id.* 306; 19 *Id.* 51 (59); 34 *Id.* 663 (676); Am. Ann. Cases, 1913, A. 357; 17 L. R. A. 207; 6 L. R. A. (N. S.) 403; 24 *Id.* 91.

2. The motion to retax the costs should have been granted. Under the facts and equities plaintiff should pay all the costs.

3. Damages should have been awarded because of the restraining order. The cause should be reversed and dismissed.

*John W. Gann, Jr., Basil Baker* and *Horace Sloan,* for appellee.

1. Under the contract appellee was entitled to a marketable title. 66 Ark. 433; 63 *Id.* 548; a clear record title. A title by adverse possession is not such. 121 Ark. 482. The outstanding dower right of the wife made the title unmarketable. 85 *Id.* 289.

2. Confirmation of the title was necessary. Appellant only has a "colorable" title. The general rule in equity permitting partial performance with compensation for defects would include the cost of a proceeding to make the title marketable. A vendor should not be heard to urge the defective nature of his title as giving rise to an equity in his favor. 45 Ark. 17; 36 Cyc. 746; 1 Swanst. 54. Partial performance with compensation for defects should be granted. 2 Beavan 302; Story Eq. Jur. (7 ed.), § 719.

3. The court erred in not deducting the cost of confirmation proceeding, but appellant cannot complain of this. 5 Vesey 508; 10 *Id.* 505.

4. The old common law strictness as to the necessity of plaintiff making an exact tender of everything and asking nothing is not adhered to in equity where substance and not form is looked to. 73 Ark. 491; 83 *Id.* 340.

5. No tender was necessary here before suit where the vendor absolutely refuses to proceed further with his contract. 36 Cyc. 705; Ann. Cases, 1913 C., 642-7; 36 Cyc. 702.

6. Under the contract tender of deed was a condition precedent to tender of purchase money. But it was admitted a proper tender was made.

7. There was no want of mutuality in the contract of sale. 6 Pom. Eq. Jur., § 769. The contract was more than a mere option to purchase. The insertion of a clause that an abstract be furnished and the title approved by the purchaser's attorney does not convert the contract into an option. 94 Ark. 263-268; 119 *Id.* 418-428.

The case in Ann. Cases, 1913 A, 357, is clearly distinguishable from this. See also 208 S. W. 798; 144 Ill.

213; 33 N. E. 27; 80 Ark. 209-211; Pomeroy Spec Perf., § 169; Waterman Spec. Perf., § 200; 206 S. W. 896.

Appellant's title was not disapproved. It was approved subject to meeting certain requirements. Specific performance should be decreed if the vendor is able to make a good title at the hearing. 7 Ves. 202; 3 Allen (Mass.) 25; 1 Russ. Myl. 293; 36 Cyc. 718.

8. The contract price represented the fair market value of the land at the time of the contract. Mere inadequacy of consideration is no ground for refusing specific performance. 21 Ark. 110, 116. A subsequent increase in value is no cause for refusal to perform. 21 N. C. 237; 28 Am. Dec. 613. See also 106 Pac. 270; 81 Kan. 569; 152 Pac. 657; 96 Kan. 591; 155 Pac. 807; 133 N. W. 340; 128 *Id.* 611; 116 N. E. 658; 279 Ill. 268; 12 Me. 441; 5 W. Va. 547; 65 Am. Dec. 303; 165 N. W. 625; 96 S. W. 577; 137 Fed. 731; 70 C. C. A. 165.

9. Equity will not refuse specific performance merely because of a bad bargain on the vendor's part. 156 N. W. 813.

10. If appellant failed to understand the legal significance of his contract, it was but a mistake of law, and ignorance is no excuse. 74 Ark. 336.

11. Appellee has always been ready and willing to do all things required of him, but appellant has attempted to avoid his contract. He has no equities and the decree should be affirmed.

WOOD, J., (after stating the facts). The appellant alleges in his answer that the minds of the parties to the contract did not meet upon the points of the contract, and that "he did not enter into or sign the contract understandingly," and did not understand the legal meaning of the words "warranty deed" nor of the words "abstract of title to be approved by the attorney of the party of the second part."

The appellant does not allege and prove that any fraud was practiced upon him by the appellee in the execution of the contract. If it be conceded that appellant

did not understand the meaning of the words above set forth and of the legal requirements which the use of these words in the contract devolved upon him, yet, this would be purely a mistake of law and not of fact, and a mistake, too, of the appellant and not of the appellee. The appellant does not deny the contract and that the words set out above were used in the contract, the legal effect of which he says he did not comprehend.

There is no contention that the appellee did not fully understand the meaning of these words or that he intended that they should be used in any other sense than that of their ordinary legal import. If there had been any evidence that the appellee knew and took advantage of appellant's alleged ignorance of the meaning of these terms and had them inserted in the contract to reap some advantage of the appellant, the case would be different and would justify a denial of the relief sought by the appellee on the ground of fraud. *State* v. *Paup et al.,* 13 Ark. 129, 137-8.

But here, as before stated, the appellant does not even allege or prove a circumvention or fraud by which he was induced to enter into the contract. The most that can be said of his contention on this point is, that he is seeking to be relieved from the partial performance of his contract on the ground of a misapprehension by him of the legal purport of certain terms which the contract contains. If appellant were seeking reformation of the contract to conform to his contention he would not be entitled to such relief under the pleadings and proof in this case. See *McGuigan* v. *Gaines,* 71 Ark. 617; *Varner* v. *Turner,* 83 Ark. 131; *Cherry* v. *Brizzolari,* 89 Ark. 309; *Frazier* v. *State Bank of Decatur,* 101 Ark. 135; *Lewis Werner Saw Mill Co.* v. *Session,* 120 Ark. 105.

Therefore, construing the contract as written, the only question upon final analysis is whether or not, under the pleadings and proof in the case after a failure upon the part of the appellant to furnish the appellee a warranty deed and abstract within sixty days showing a marketable title to the land in controversy, and upon his

refusal thereafter to furnish a warranty deed and abstract showing a marketable title, the appellee was entitled to a partial performance of the contract by having the appellant divested of such title as he had upon the payment to him of the balance of the purchase money specified in the contract with deductions for such defects as the appellee was not willing to waive.

The law applicable in such cases, as shown by the authorities, is aptly summarized by the attorneys for the appellee as follows: ''Where the vendee is willing to accept less than a marketable title, he will be granted partial performance so far as circumstances permit with compensation for the residue, provided that in so doing the court is not making an impracticable or unenforceable order which would be the case; (1) where it is impossible to ascertain the proper amount of compensation, or (2) where the consent of a stranger to the contract would be required to decree partial performance, or (3) where the interest of the vendor in the premises is so insignificant as to make the case one for damages rather than for partial performance.''

Judge Story says: ''The general rule (for it is not universal) in all such cases is, that the purchaser, if he chooses, is entitled to have the contract specifically performed, as far as the vendor can perform it, and to have an abatement out of the purchase money or compensation, for any deficiency in the title, quantity, quality, description, or other matters touching the estate. But if the purchaser should insist upon such a performance the court will grant the relief only upon his compliance with equitable terms. 2 Story's Equity Jurisprudence (15 ed.), sec. 1057; 36 Cyc. 740; *Wood* v. *Griffith,* 1 Sawnst. 54.

Our own court in line with this doctrine held that in a suit for specific performance in a contract for sale, where the vendor's wife refuses to join in the deed to convey her dower interest, the vendee may accept the conveyance as far as it is in within the power of the vendor to give and have an abatement of the purchase price

to the extent of the value of the contingent interest of the wife. *Hirschman* v. *Forehand,* 114 Ark. 436.

The obligations under the contract upon the appellant to furnish a warranty deed and an abstract of title, was for the benefit of the appellee only. The appellee could, therefore, waive the same and insist upon the appellant conveying to him such title as he had; for under the contract the appellant sold the land in controversy to the appellee and agreed to furnish him a warranty deed. It was the right and province of the appellee, instead of insisting on a warranty deed and abstract showing marketable title, to accept such title as the appellant had with compensation for such defects, as the value of the wife's dower, and assessments for drainage which were due and unpaid when the contract was executed, the amount of which was plainly ascertainable and not in dispute. *St. Louis R. Co.* v. *Beidler,* 45 Ark. 17-31; *Bennett* v. *Fowler,* 2 Beau. 302.

Construing the contract as one which left it optional with the appellee as to whether or not he would pay the balance of the purchase money when the appellant furnished a warranty deed and abstract, nevertheless, the contract was one based upon a sufficient consideration and bound the appellant to make the abstract showing marketable title, and warranty deed within the time specified. *Myer* v. *Jenkins,* 80 Ark. 209; *Ashcraft* v. *Tucker,* 136 Ark. 447, 206 S. W. 896.

If appellant had tendered the deed and abstract to the appellee and the appellee had failed or refused to accept the same, in that event only could the appellant have exacted the forfeiture of $100.

The findings of fact by the court are correct and we, therefore, approve and adopt the same as our own. The trial court was guided by the principles of law here announced in rendering its decree, and the same is affirmed.