BENJAMIN WEINTRAUB, Respondent, *v.* GUSTAVE E. KRUSE, Appellant.

Second Department, March 31, 1921.

**Vendor and purchaser — specific performance — failure to prove description of premises to be conveyed by metes and bounds — election of remedy where wife refuses to assign dower rights — evidence.**

Before a judgment to direct specific performance of a contract to convey premises by metes and bounds can be made, evidence of the metes and bounds must be given. Hence, where the description of the premises in the contract was simply " house 20 Jerome Street Bklyn.," parol evidence should have been introduced to establish the metes and bounds.

In a suit for specific performance, wherein the defendant definitely asserts, both in his answer and upon the trial, that his wife refuses to join in a deed, and the wife has been examined as a witness, the orderly procedure for the plaintiff is to elect to sue for damages, or to take subject to the wife's dower with an abatement in the consideration.

The evidence as to the age of the husband and wife requisite to a determination of the value of her dower right, or the necessary evidence as to damages, if the plaintiff seeks damages instead of specific performance, should be submitted at the trial so that there may be a definite final judgment.

APPEAL by the defendant, Gustave E. Kruse, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 10th day of November, 1920, on the decision of the court rendered after a trial at the Kings Special Term.

The action was brought for the specific performance of a contract for the sale of real property.

*Alexander Holtzoff* [*Paul Windels* with him on the brief], for the appellant.

*Isaac Siegmeister*, for the respondent.

KELLY, J.:

This case was before this court in May, 1920, upon an appeal by the plaintiff from a judgment sustaining a demurrer to the complaint upon the ground that it did not state a cause of action. The point involved in that appeal was the sufficiency of the alleged contract. We held that the memorandum jointly signed was sufficient. (*Weintraub* v. *Kruse*, 192 App. Div. 925.)

The defendant having answered, the case came on for trial, resulting in the judgment now appealed from.

There appears to be no question that the judgment for the plaintiff is warranted on the merits. The defendant, called as a witness on his own behalf, admitted the contract and the receipt. The learned counsel for defendant made some suggestion that the receipt was conditional or delivered on the understanding that it was not to be binding until a formal contract was signed, but defendant, examined as a witness in his own behalf, negatived the suggestion.

The alleged reason for defendant's refusal to perform was that his wife would not join in the deed to release her dower.

In *Maas* v. *Morgenthaler* (136 App. Div. 359) the presiding justice writing for this court said that while the court could

not coerce the wife, as did the old Court of Chancery, by imprisoning the husband until his wife yielded, the proper solution was to modify the decree for specific performance so as to provide that upon the failure of the defendant to deliver the deed because of the wife's refusal to join therein, the plaintiff might elect either to reject the purchase *in toto*, or to require the defendant to tender his deed subject to the dower right of the wife, whereupon the plaintiff might have an abatement in the purchase price equivalent to the gross value of the dower right, or the plaintiff might take proper steps to recover damages. (See, also, *Farley* v. *Secor*, 167 App. Div. 80; *Granoff* v. *Korpus*, 182 N. Y. Supp. 136; *Campione* v. *Eckert*, 110 Misc. Rep. 703.)

The appellant makes the point on this appeal, *first*, that the receipt is insufficient as a contract but concedes that this has been decided against him by this court. He then argues that the complaint should have been dismissed because the plaintiff failed to allege that defendant had title to the premises and was able to comply with the decree. I see nothing in this point because the complaint does allege that at the date of the contract defendant was the owner in fee, and defendant admits ownership in the answer and admitted on the witness stand that he was the owner. Appellant's next point is that the complaint should have been dismissed *on the merits* because plaintiff failed to prove the description of the premises to be conveyed by metes and bounds, and, therefore, there was no evidence warranting the finding of the court in which the property is described by metes and bounds.

The description of the premises in the contract was simply " house 20 Jerome Street Bklyn." The learned counsel for respondent contends that the metes and bounds were proven in defendant's evidence on cross-examination and cites the decision of this court in *Morrison* v. *Brenmohl* (137 App. Div. 4), that where the property is clearly identified parol evidence may be received to ascertain the exact boundaries. The trouble with the judgment appealed from is that the plaintiff, respondent, perceiving the indefinite description, should have introduced the necessary parol evidence of the description by metes and bounds. This he did not do. The reference to the somewhat labored cross-examination of defendant is, **in**

Second Department, March, 1921. [Vol. 195.

my judgment, insufficient. If it be said that defendant, after a fashion, testified that the premises began 118 feet 10¼ inches south of Jamaica avenue (which is not borne out by the record, his answer is " 118 feet ——," and that it is 40 feet front), there is no evidence as to its depth or as to the length of the rear line. So that there is no evidence to sustain the finding of fact describing the property by metes and bounds. The judgment appealed from affects the title to real estate, the proof might have been supplied, but unfortunately it was not supplied, and the objection and exception of the appellant cannot be disregarded. If the judgment is to direct specific performance of the contract to convey the premises by metes and bounds, there must be evidence of the metes and bounds.

In the next place, the defendant having definitely asserted the refusal of his wife to join in the deed, both in his answer and upon the trial, the wife having been examined as a witness, the orderly procedure was for plaintiff to elect to sue for damages, or to take subject to the wife's dower with an abatement in the consideration. Such election should have been made then and there. There is no reason for the alternative judgment referred to in *Maas* v. *Morgenthaler* (*supra*) on the facts here. The evidence as to the age of the husband and wife requisite to a determination of the value of her dower right, or the necessary evidence as to damages, if the plaintiff seeks damages, should be submitted at the trial so that there may be a definite final judgment.

The judgment should be reversed, without costs, and a new trial granted.

MILLS, RICH, PUTNAM and JAYCOX, JJ., concur.

Judgment reversed, without costs, and new trial granted.