MOORAD NAJARIAN vs. HOVANNES O. BOYAJIAN et als.

MARCH 29, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)   Statute of Frauds.   Part Performance.

While part payment of the purchase price, possession or making improvements to property severally might not be sufficient to remove a case from the statute of frauds, yet a combination of all may be.

(2)   Specific Performance with Compensation.

The knowledge of a vendee that vendor was a married man is not of itself sufficient to prevent granting specific performance with compensation.

(3)   Specific Performance.   Compensation.   Dower.

Where one has contracted with a husband to purchase his fee unencumbered, and vendor's wife refuses to release her inchoate dower rights, the vendee may if he so elects, take such title as vendor can convey with equitable compensation for the value of the contingent dower right, release of which the vendor cannot secure.

(4)   Specific performance.   Dower.   Compensation.

On a bill for specific performance against a husband who had contracted to convey his fee, unencumbered, where the wife refuses to release her inchoate dower rights, the court in attempting to fix compensation as between vendor and vendee, cannot affect the rights of the wife, or compel her against her will to accept other than the statutory provisions for dower.

(5)   Specific Performance.   Dower.   Compensation.

In a suit for specific performance where vendee accepts such title as vendor can give and asks an abatement from the purchase price of the value of the dower interest which vendor has agreed to but cannot convey, the abatement is equitable damages, and the proper deduction is the amount representing the present value of what is not conveyed, computed by the aid of mortality and present value tables.

(6)   Specific Performance.   Compensation.   Dower Consummate and Inchoate
                                    Present Value.

There is no distinction in principle in computing present value of the rights of consummate and inchoate dower.

(7)   Specific Performance.   Compensation.   Dower.   Present Value.

On specific performance where vendee is asking an abatement for the value of a dower interest, and the vendor has died between the time of making the contract and the time of conveyance, the deduction should be the present value at the time of conveyance of the dower to which the widow is entitled and it was error to withhold one third of the purchase price to abide future contingencies.

*(8)   Specific Performance.*

Under an agreement for sale, the consideration being part cash and balance on mortgage, the mortgage should run from date of delivery of deed.

BILL IN EQUITY for specific performance. Heard on appeal of respondents. Decree sustained and reversed in part.

BARROWS, J. Heard on respondents' appeal from a decree granting complainant's prayer for specific performance of a contract for the sale of a farm. The defence was that a contract was talked about but that its terms were never agreed upon.

The trial court found that no sufficient written memorandum existed to comply with the Statute of Frauds, but that "the oral agreement was accompanied by substantial part performance attended by possession" and thus could be enforced in spite of the Statute of Frauds.

The terms of the oral contract made in 1923 with the owners of the fee were established with unusual clarity. The owners were three brothers,—Mugrdich, Avedis and John,—tenants in common. It is inferable from the evidence that complainant knew that all were married. It is clear that the contract was for a conveyance of an unencumbered title. The sale price was to be $15,000, $3,000 cash on delivery of the deed and $12,000 on mortgage at 6% to run five years. Avedis died after the contract was made and before this bill was brought, leaving a widow Katoon. Her dower has not been assigned.

Complainant, who had been in occupation of the farm for five years, paid respondents $500 on account of the purchase price in October, 1923. No return of this has been made or tendered. He also made improvements on the property. In February, 1924, Katoon, who was Avedis' administratrix, declined to perform unless Avedis' five thousand dollar share be paid to her in cash. About December 1, 1924, respondents definitely refused to make a conveyance. The present bill at once followed.

Respondents' appeal asserts the errors of the lower court to have been (1) failure to note a variance between the amended bill, the issues of fact, and the proof; (2) failure of complainant clearly to prove a valid, complete and definite contract; (3) if it be conceded that such contract was proven, a failure to show acts in reliance thereon sufficient to take the case out of the Statute of Frauds; (4) entry of complainant's decree for a conveyance of such interests as respondents can convey with compensation for unreleased dower and if such a decree be permissible the methods of valuation employed.

The claims that complainant has failed to perform conditions precedent and that respondents prior to the bringing of this bill had repudiated the contract with complainant's acquiescence possess no merit.

Nor do we find merit in respondent's assertion of a variance or that no clear and definite contract was established.

(1) The claim that no sufficient part performance had taken place to remove the case from the Statute of Frauds is vitiated by respondents' failure to note that while part payment of the purchase price, possession or making improvements severally might not be sufficient to remove the case, yet a combination of all may be. 5 Pom. Eq. Juris. (4th ed.) § 2243 (821), p. 5011.

A careful study of the record satisfies us that complainant's possession after July 1, 1923, was understood by all parties to be pursuant to the oral contract of sale; that complainant under the new possession made valuable improvements and expended labor on said premises and that respondents received and have kept $500 on account of the purchase price. These combined acts of part performance sufficed to overcome the objection of the Statute of Frauds.

The decree provides for specific performance according to the agreed terms if the two wives and widow Katoon join in the deed. It provides for specific performance with compensation amounting to one third the purchase price

for the unreleased dower rights if the three women refuse to release them, interest on one third thereof being payable to Katoon for life.

Should equity grant this vendee specific performance with compensation if dower is not released? Dower, even if consummate, is before assignment only a chose in action, *Maxon* v. *Gray*, 14 R. I. 641, and if inchoate it is not an estate it is only a right of action in the nature of a lien or encumbrance. *Atwood* v. *Arnold*, 23 R. I. 609. 2 Scribner on Dower (2d ed.) Ch. 1, §§ 5, 6. It is an encumbrance in violation of a covenant against encumbrances. *Shearer* v. *Ranger*, 22 Pick. 447. We think it a defect in the title which vendors here contracted to convey. *Thrasher* v. *Pinckard*, 23 Ala. 616 (good and lawful title).

Specific performance with compensation often is granted a vendee when a defect in the vendor's title is not substantial. It is based upon equitable principles. Pom. Spec. Perf. (3rd ed.) § 434. It is granted at the election of vendee. Compensation as here used is not strictly damages for breach of the contract. It is a deduction from the purchase price of the value of that which vendor can not convey. Pom. Spec. Perf. § 436. It is not uncommon to refer to it as damages. 3 Sedgwick on Damages (9th ed.), § 1021. *Woodbury* v. *Luddy*, 14 Allen 1. Refusal to release inchoate dower is an "ordinary case of defect in title". 5 Pom. Eq. Juris. §.2257 (834), p. 5044. It would seem to follow that performance with compensation should be granted but there is another limiting doctrine of equity that if a purchaser at the time of entering into the contract knows of the defect in title he can not have specific performance with compensation. This is because it is inequitable to give vendee an abatement for that which he knows vendor can not convey. 36 Cyc. 742. Pom. Spec. Perf. §§ 442, 443. When applied to a prayer for specific performance asking abatement for unreleased dower rights some courts have held that if vendee knew that vendor was married when the contract was made he is chargeable with

knowledge of defective title and can not have specific performance with compensation. 36 Cyc. 745. Pom. Spec. Perf. (3rd ed.) § 461. Pomeroy's expression of opinion is confined to "questions arising where the common law disabilities of the wife are still existing". § 457. Such no longer is the situation in Rhode Island. The wife is in most respects a free actor in the making of contracts and conveyance of property. We have recently held that she could convey directly to or receive directly from her husband. *Lawton* v. *Lawton,* 136 Atl. 241, 48 R. I. 134. If the husband contracts to transfer a good title to his real estate, assuming that he can secure his wife's release of dower, it does not seem to us that vendee's knowledge of the wife's existence is as a matter of law knowledge that the title proffered by vendor will be only his own. Knowledge of vendor's married state with other facts such as the wife's absence in a far country, or her living apart from her husband may be an element to be considered in determining whether the parties contracted for transfer of an unencumbered title when the writing is not clear or the contract is oral and partly performed. *Tebeau* v. *Ridge,* 261 Mo. 547. The importance of the vendee's knowledge seems to us too greatly magnified, if it alone as a matter of law be held sufficient to defeat specific performance with compensation. Many cases, where performance with compensation has been granted, give no consideration to vendee's knowledge that vendor was married when the contract was made. *Sanborn* v. *Nockin,* 20 Minn. 178 (1873); *Martin* v. *Merritt,* 57 Ind. 34 (1877); *Walker* v. *Kelly,* 91 Mich. 212 (1892); *Noecker* v. *Wallingford,* 133 Iowa, 605 (1907); *Bethell* v. *McKinney,* 164 N. C. 71 (1913); *Jefferson Land Co.* v. *Kannowski,* 233 Mich. 210 (1925); *Scheerer* v. *Scheerer,* 287 Mo. 92. Our conclusion is that complainant's

(2) knowledge that vendors were married men was not of itself sufficient to prevent granting specific performance with compensation.

The amount of compensation to be allowed for dower rights is admittedly incapable of exact computation.

In numerous states specific performance with compensation for inchoate dower rights is denied because of the contingent nature of the rights, the difficulties in the valuation thereof, and the fear of indirect coercion of the wife. These courts decline to grant a vendee specific performance unless he chooses to pay the contract price without deduction taking his chances with reference to the dower. *Rieszs Appeal,* 73 Pa. St. 485, is an early one and *Kuratli* v. *Jackson,* 60 Oregon, 203 (38 L. R. A.  N. S. 1195) (1911), is a recent one. The weakness of these cases is pointed out by Pomeroy on Specific Performance of Contracts § 460. Vendee is conceded the right of recovery of damages at law and "in the action at law the damages must be assessed upon exactly the same basis as that upon which the abatement of the price would be ascertained in equity".

(3) We prefer the view, that when a person has contracted with the husband to purchase his fee unencumbered and vendor's wife refuses to release her inchoate dower rights the vendee may, if he so elects, take such title as vendor can convey with equitable compensation for the value of the contingent dower right release of which the vendor can not secure. See cases in Pom. Spec. Perf. p. 943, note to § 461, of which we have examined *Osborne* v. *Fairley,* 138 Ark. 433; *Martin* v. *Merritt, supra; Noecker* v. *Wallingford, supra; Williams* v. *Wessels,* 94 Kan. 71; *Walker* v. *Kelly, supra; Sanborn* v. *Nockin, supra; Scheerer* v. *Scheerer, supra; Weintraub* v. *Kruse,* 195 App. Div. 807; *Bethell* v. *McKinney supra; O'Malley* v. *Miller,* 148 Wis. 393; *Wannamaker* v. *Brown,* 77 S. C. 64; *Lewis* v. *Ludlam,* 189 N. Y. Supp. 636; *Melamed* v. *Donabedian,* 238 Mass. 133 (1921).

Granting that compensation may be made, the courts are not entirely in harmony as to the method of doing so. In South Carolina it has been held that the vendee should give vendor a mortgage to cover the abatement until the right has become consummate or ceased to exist. *Wannamaker*

v. *Browne, supra.* This is called indemnity. In some states one third of the value of the land has been deducted and set aside to abide the event with provision for its ultimate payment to vendor. *Springle* v. *Shields,* 17 Ala. 295. This was the attempt made in the decree before us. It should be noted that the court in fixing compensation is not attempting to fix either the consummate dower rights of Katoon or the inchoate rights of the wives of Mugrdich and John. Nothing that this court can do in this action between vendee and vendors can affect those rights, or compel the wives or widow against their wills to accept other than the statutory provisions for dower. *Connole* v. *Connole,* 45 R. I. 1. The error in complainant's decree consists in treating the present proceeding as equivalent to setting off dower in a gross sum. It is in no way an attempt to do so. It is merely a suit for specific performance where vendee accepts such title as vendors can give and asks an abatement from the purchase price of the value of the dower interests which vendors have agreed to but can not convey. The abatement is equitable damages. Most cases we think rightly on principle have said the proper deduction is the amount representing the present value of what is not conveyed. This amount has been computed by the aid of mortality and the present value tables. *Usborne* v. *Fairley, supra; Martin* v. *Merritt, supra; Walker* v. *Kelly, supra; Tebeau* v. *Ridge, supra; Weintraub* v. *Kruse, supra; Binns* v. *Smith,* 93 N. J. Eq. 33 (115 Atl. 69); 36 Cyc. 744; *Bethell* v. *McKinney, supra; Jefferson Land Co.* v. *Kannowski, supra; Woodbury* v. *Luddy, supra; Davis* v. *Parker,* 14 Allen 94. In the present case the deduction must be for two inchoate rights and one consummate dower right. We see no distinction in principle in computing present value of the rights of consummate and inchoate dower. The latter simply is more complicated.

Where the vendor has died between the time of making the contract and the time of conveyance, the deduction should be the present value, at the time of conveyance, of

the dower to which the widow is entitled. 39 Cyc. 1582. Cf. *Smith* v. *Ackerman,* 5 Blackf. Ind. 541; *Estep* v. *Watkins,* 1 Bland. Md. 486; *Colvin* v. *Morris,* 2 Yeates, Pa. 518; *Thrasher* v. *Pinckard, supra.* We think it was error to decree the withholding of one third of the purchase price to abide future contingencies.

No evidence was presented upon which the present value of the dower rights could be computed. One third the purchase price would not be the present value. Whether the deduction should be made from the cash payment or mortgage note may well be considered by the court or master before whom the question may subsequently arise, if the widow and wives do not release their dower rights.

Respondents also claimed that the mortgage should be dated July 1, 1923. We think it should run for five years from the date of delivery of the deed, thus far wrongfully withheld by respondents. Consideration likewise should be given to the question whether complainant since January 1, 1925, to which date 6% interest was paid, should pay interest on the withheld purchase price, in view of his possession of the farm. *Sweeney* v. *Brow,* 40 R. I. 281.

The decree appealed from so far as it directs respondents to execute a conveyance is sustained. If Katoon and the two wives are unwilling to join in the deed, the amount by which the purchase price is to be reduced on account of the defective title by reason of their dower rights not having been properly fixed, and no evidence appearing upon which to do so, the decree so far as it relates to the amounts to be withheld for compensation must be reversed.

The cause is remanded to the Superior Court for further proceedings.

*Knauer & Fowler,* for complainant.
*Henshaw, Lindemuth & Baker,* for respondents.