GIOVANNI CAMPIONE, Plaintiff, *v.* MAX ECKERT and ISAAC ECKERT, Defendants.

(Supreme Court, Kings Special Term for Trials, March, 1920.)

Specific performance — when may be decreed — deeds — contracts — dower — abatement.

> Where a man has made a contract to convey real estate but his wife, though she agreed to the sale, refuses to sign the deed, specific performance may be decreed with a provision for an abatement in the purchase price representing her dower interest if she does not join in the conveyance.

ACTION for specific performance.

Aaron Bearman, for plaintiff.

Kornblueh & Hutter (Arthur Hutter, of counsel), for defendants.

CROPSEY, J. Where a man makes a contract to sell his property and then refuses to perform upon the claim that his wife will not sign the deed, a performance may be decreed with the provision that if the wife does not join in the conveyance, an abatement in the purchase price be made representing her dower interest. *Granoff* v. *Korpus,* N. Y. L. J. Nov. 29, 1919; *Bostwick* v. *Beach,* 103 N. Y. 414. This imposes no hardship upon the owner. If he is not certain he can obtain his wife's signature, he should not execute the contract. And if he would protect himself he should secure his wife's signature to the contract. If he does not do so he must take the risk of being obliged to convey subject to his wife's dower upon an abatement in the purchase price being made. In the present condition of the realty market, the refusal of a wife to join in a deed to perform a contract made

Supreme Court, March, 1920.        [Vol. 110.

by her husband is suggestive of bad faith. These parties are living together and agreed to the sale. Now with the rising market the claim is advanced that the wives will not sign. They cannot be compelled to, as they did not join in the contract, but if they refuse there must be an abatement in the purchase price and the husbands required to convey their interests.

Judgment accordingly.