THERESA BUNT, as Administratrix, etc., of WILLIAM HENRY BUNT, Deceased, Appellant; v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Judgment affirmed, with costs. While the question of contributory negligence was for the jury, we think the plaintiff failed to show actionable negligence on the part of the defendant. Kelly, P. J., Rich and Manning, JJ., concur; Young, J., dissents, being of opinion that the defendant may be held to be negligent in not anticipating that an accident similar to the one shown might happen to a passenger going to, returning from or waiting to get into the toilet, and in not closing the vestibule to prevent it; Lazansky, J., concurs with Young, J.

EDMUND F. DRIGGS, as Trustee in Bankruptcy, etc., Respondent, v. FUNDY COMPANY, Appellant, and Others, Defendants.— Order denying motion to dismiss plaintiff's complaint affirmed, with ten dollars costs and disbursements. We think the action should be tried, and the question as to whether the judgment of foreclosure and sale is *res adjudicata* as to the bankrupt corporation, its trustee and its general creditors, determined after all the facts are before the court. Kelly, P. J., Rich, Jaycox, Manning and Lazansky, JJ., concur.

HERBERT F. L. FUNKE, Respondent, v. COMPANIA TRASATLANTICA, Appellant.— Order denying defendant's motion to dismiss the complaint under Civil Practice Rules 106 and 107, affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Lazansky, JJ., concur.

SARAH GOSS, Appellant, v. PHILIP COHEN, Respondent.— Judgment reversed on the law and the facts, with costs, and judgment directed for plaintiff, with costs, decreeing specific performance of the contract, with an abatement to plaintiff in the purchase price in the sum of $334.35, the stipulated value of the inchoate right of dower of defendant's wife. We are of opinion that the defendant being willing to convey with a deduction in the purchase price of the gross value of his wife's inchoate right of dower, and plaintiff being willing to accept the title subject to the dower right, the plaintiff was entitled to specific performance. (*Feldman v. Lisansky*, 239 N. Y. 81; *Polisiuk v. Mayers*, 205 App. Div. 573; *Weintraub v. Kruse*, 195 id. 807; *Maas v. Morgenthaler*, 136 id. 359; *Campione v. Eckert*, 110 Misc. 703; 182 N. Y. Supp. 137; *Granoff v. Korpus*, Id. 136.) Findings and conclusions of the court at Special Term inconsistent herewith are reversed, and new findings and conclusions made, in accordance with this decision. Kelly, P. J., Rich, Manning, Young and Lazansky, JJ., concur. Settle order on notice before Mr. Justice Rich.

SOPHIA L. HAAS, Appellant, v. JOHN KING and C. H. ARCHER, Copartners, etc., Respondents.— Order of the City Court of Mount Vernon setting aside verdict and granting new trial reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Defendants, by not asserting their right to sum up, and by not requesting the court to charge the jury, waived their right thereto. There is nothing in the papers which indicates that the defendants did not have a fair trial, or that the verdict of the jury was in any wise affected by reason of the omission of defendants' counsel to sum up and the court to charge the jury. Kelly, P. J., Rich, Jaycox, Manning and Lazansky, JJ., concur.

MARY HAMWAY, as Administratrix, etc., of GEORGE HAMWAY, Deceased, Respondent, v. GEORGE A. MASHNOUK and LOUISE S. CAMERON, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Lazansky, JJ.