## JEFFERSON LAND CO. *v.* KANNOWSKI.

1. SPECIFIC PERFORMANCE—VENDOR AND PURCHASER—DEFENSES — CLAIM OF ORAL ASSURANCE UNAVAILABLE.

     In a suit by the vendee for the specific performance of a written option to purchase land, where it appears that the vendor himself fixed the price, which was far beyond what it was worth except to one having use for limestone deposits thereon, his claim that he was given assurance that no higher price had been offered or would be offered for neighboring land, which was denied by the vendee, is insufficient to excuse performance.[1]

2. SAME—VENDOR MAY NOT INVOKE HIS DECEIT OF WIFE—WIFE MAY NOT SET UP HER HEEDLESSNESS IN SIGNING OPTION.

     The vendor may not invoke the fact that he deceived his wife into signing the option for the purpose of defeating specific performance thereof, nor may the wife for the same purpose set up her heedlessness in signing same, where no hardship exists, and no overreaching or sharp practice on the part of the vendee led her to sign.[2]

3. DOWER — WIFE NOT ENTITLED TO NOTICE OF ACCEPTANCE OF OPTION TO PURCHASE LAND SIGNED BY HERSELF AND HUSBAND.

     A wife, who had only an inchoate right of dower in land, who joined with her husband in signing an option to purchase same, was not entitled to notice of acceptance of the option; notice to the husband being sufficient.[3]

Appeal from Alpena; Shepherd (Frank), J., presiding. Submitted October 14, 1925. (Docket No. 77.) Decided December 22, 1925.

Bill by the Jefferson Land Company against August Kannowski and another for specific performance of an optional land contract. From a decree for plaintiff, defendants appeal. Affirmed.

[1]Specific Performance, 36 Cyc. p. 786 (Anno); [2]Id., 36 Cyc. pp. 606, 619 (Anno); [3]Vendor and Purchaser, 39 Cyc. p. 1238.

*I. S. Canfield,* for plaintiff.

*Frank T. Hinks,* for defendants.

WIEST, J.    This is an appeal by defendants from
a decree granting plaintiff specific performance of an
option to purchase land.    Defendant August Kannow-
ski owns 160 acres of land, less a schoolhouse site, in
Alpena county.    Defendant Maria Kannowski is his
wife, and has an inchoate right of dower in the land.
August Kannowski lives in Alpena, and is a man of
considerable business experience and Maria Kannow-
ski lives in the city of Detroit.    They have been
living apart for about 15 years.    April 18, 1924, in
consideration of $25, August Kannowski signed an
option giving Eota P. Smith and his assigns right to
purchase the land, within five months, for the sum
of $5,000.    Mr. Kannowski mailed the option to his
wife and she signed and mailed it back and he de-
livered it to Mr. Smith.    May 16, 1924, Mr. Smith
assigned the option to plaintiff.    In August, 1924,
plaintiff gave notice of election to purchase in accord-
ance with the option and September 11, 1924, Mr.
Kannowski, in writing, acknowledged receipt of the
notice.    No notice of acceptance was sent to Mrs.
Kannowski.    An abstract of title was procured by
Mr. Kannowski and delivered to Mr. Smith and to
perfect the title an unrecorded deed from the State to
Mr. Kannowski was placed of record.    November 6,
1924, tender of $5,000 was made to Mr. Kannowski
with request to execute a deed, and Mr. Kannowski re-
jected the tender and refused to execute the deed.
Thereupon the bill herein was filed, the $5,000 paid
into court, proofs taken in open court and decree for
specific performance granted.

The farm is cut-over land, and mainly in the rough
and its value is in limestone deposits.    Mr. Kannow-
ski claims the price fixed is too low, although he set

the figure, but says he did so upon the assurance that no higher price had been offered or would be offered for neighboring land, and this he later found to be untrue.    Mr. Smith denies making any such statement.    Having fixed the price himself, at a figure far beyond what the property was worth, except to one having use for the limestone, we are not impressed with the claim that he was led to do so by the assurance that his neighbors had not been and would not be offered more.

As a sidelight, and somewhat illuminating, it was shown that Mr. Kannowski sued the township, in which the land is situated, in March, 1920, to recover taxes paid under protest, because the valuation of the land at $2,400 was excessive.    That suit was never tried.

Mr. Kannowski also claims he had an arrangement with his wife to pay her $100 on each lot he owned in the city of Alpena, if he sold and she joined him in deeding, and when he sent her the option he intentionally led her to believe it related to one of the city lots.    Mrs. Kannowski claims she cannot read English and she believed, when she signed the option, that it was a paper relating to a city lot.    Mr. Kannowski cannot invoke his want of fairness with his wife, and Mrs. Kannowski's mistake, if any, was not the fault of or known to Smith, and she cannot set up her heedlessness.

There is some discrepancy between the testimony of Mr. Kannowski and that of his wife.    Mr. Kannowski says he sent a letter, written in German, to his wife with the option asking her to sign the paper for him, and when he got the money he would give her $100.    Mrs. Kannowski says there was no letter sent with the option contract, and without waiting for her daughter to come home and read it to her she signed and mailed it back, thinking it related to one

of the city lots.    Mrs. Kannowski's carelessness does not excuse her from performance.    She certainly did not rely upon any confidence in her husband for they lived apart, and without direct communication, for about 15 years.

We are asked to deny specific performance, because the wife signed under a misapprehension of the purport of the paper.    This would leave the rights of the plaintiff, as to the wife, wholly within the power of Mrs. Kannowski to destroy for she is the only one with knowledge of her thought when she signed the paper.    Without holding that in no case will we accept such a claim, we do hold we are not called upon to do so in this instance.    No hardship exists and no overreaching or sharp practice by Mr. Smith led her to sign.    Even if we should hold the wife may be relieved from performance it would not help August Kannowski for he would still have to perform, and the present worth of the inchoate right of dower of the wife would be deducted from the purchase price.    *Walker* v. *Kelly,* 91 Mich. 212; *Wright* v. *Young,* 6 Wis. 127 (70 Am. Dec. 453); *Hirschman* v. *Forehand,* 114 Ark. 436 (170 S. W. 98); *Tebeau* v. *Ridge,* 261 Mo. 547 (170 S. W. 871, L. R. A. 1915C, 367); *Bethell* v. *McKinney,* 164 N. C. 71 (80 S. E. 162).

Was Maria Kannowski entitled to notice of acceptance of the option?    She had but an inchoate right of dower, which was nothing she could sell apart from joining with her husband.    She agreed to join with him in a conveyance, if one was made, and her agreement was one, to make his option inclusive of her rights, and the option was operative upon notice of acceptance given Mr. Kannowski.    Mrs. Kannowski could give no option with respect to her inchoate right of dower to Mr. Smith except in connection with her husband's agreement and the neces-

sary relation arising out of the one option, signed by the husband and wife, gave rise to a binding agreement upon notice of acceptance to the husband alone, he being owner, and she agreeing to bar her dower by joining with him if his option merged into a contract of purchase and sale by acceptance.

The following testimony of August Kannowski discloses the reason for wanting to repudiate the option:

"*Q.* When you got that notice on September 11th what, if anything, did you do to impart that information to your wife?

"*A.* No.

"*Q.* She never knew anything about it?

"*A.* No, sir, she never knew anything about it. My children came back from Detroit on a visit and they said she wouldn't sign it. One of the brothers in Alpena and one in Rogers City—and they came to visit me. And my wife I think found out what the rest of the people got—one man got for one forty $3,000. My children got crazy. They told my wife what a mistake I made; so she wouldn't sign it. She found out first that the land was sold; then she wouldn't do it."

We think defendant August Kannowski hopes to get more for the land if not held to the option and that Maria Kannowski is willing. The option was valid, the price for the land entirely adequate, the acceptance sufficient and defendants must perform.

The decree entered in the circuit is affirmed, with costs to plaintiff.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.