BEECHER *v.* MORSE.

1. CONTRACTS—OPTIONS—ACCEPTANCE—SUBSTANTIAL COMPLIANCE.

An option is a mere offer and acceptance thereof must be made within the time allowed and in minute compliance with its terms or the optionee's rights thereunder will be lost, substantial compliance with the terms of the option being insufficient to constitute an acceptance.

2. Vendor and Purchaser—Option to Repurchase Land—
Cashier's Check—Cash—Certified Check.

Optionee's tender of cashier's check, instead of cash or a certified
check as provided by terms of option, *held*, insufficient to con-
stitute compliance with the terms thereof so as to entitle him
to specific performance of option to repurchase land.

3. Contracts—Options—Acceptance—Cashier's Check—Certified
Check.

Tender of cashier's check, upon which issuing bank alone was
liable, in lieu of certified check upon which issuing bank would
be primarily liable and maker also liable as contemplated by
option enumerating permissible means of acceptance to provide
for either cash or certified check *held*, insufficient compliance
with terms of option to repurchase land, notwithstanding bank
which issued check is shown to have been a going concern at
time check was issued and tendered and continued to conduct
business thereafter.

4. Deeds—Option to Repurchase—Construction as Mortgage.

Conveyance by deed of plaintiff to defendant grantee who simul-
taneously paid plaintiff $3,500 and executed option agreement
whereby he agreed to reconvey to plaintiff by a specified date
over 15 months later for $4,100 and not to diminish or incumber
title premises in the interim *held*, not a mortgage.

Appeal from Oakland; Holland (H. Russel), J.
Submitted October 5, 1938. (Docket No. 34, Calen-
dar No. 40,156.) Decided November 10, 1938.
Rehearing denied December 22, 1938.

Bill by Fred S. Beecher against Ida Morse to ob-
tain specific performance of an option and for other
relief. Bill dismissed. Plaintiff appeals. Affirmed.

*George A. Cram (Monaghan, Crowley, Clark &
Kellogg,* of counsel), for plaintiff.

*Slyfield, Hartman, Mercer & Reitz (William H.
Wilmot,* of counsel), for defendant.

CHANDLER, J. Prior to September, 1935, plaintiff
was the owner of the premises involved in this dis-

pute. Finding himself in need of money, he approached one A. G. Cameron, a real estate broker, for the purpose of effecting a sale of his property. On September 11, 1935, after consultation with Mr. Cameron, he executed what is termed an offer to sell the premises for the sum of $3,500, upon condition that he be given by the purchaser or purchasers thereof the exclusive option to repurchase the same upon payment of the sum of $4,100 on or before 12 o'clock noon of December 31, 1936.

By reason of Cameron's efforts, defendant was induced to purchase the property, a deed thereto being executed by plaintiff on September 13, 1935. Simultaneously therewith, defendant executed an option giving plaintiff the exclusive right to purchase the premises at any time prior to 12 o'clock noon, December 31, 1936. The option agreement contained this provision:

"This option may be exercised by the purchaser only by accepting the same in writing within the time above stated and at the time of such acceptance paying the sum of $4,100 on account of the purchase price, in cash or by certified check and the undersigned agrees not to sell, mortgage or do any act to diminish or incumber the title to said land while this option remains in force."

On December 30, 1936, plaintiff attempted to exercise his option by mailing to defendant a cashier's check drawn on The Detroit Bank in the sum of $4,100, and demanding a deed to the farm. On the following day, said cashier's check was returned to plaintiff by defendant accompanied by the statement that, "It is not proper tender in accordance with the terms of the option." Thereafter, under date of January 11, 1937, the same check was again tendered by plaintiff's attorney and was again returned

by defendant's attorney who stated that the check did not comply with the terms of the option which required tender of cash or a certified check. Thereupon, plaintiff filed his bill of complaint herein praying for specific performance of the option agreement. The trial court dismissed the bill.

It is well settled by the decisions that an option is a mere offer, and that acceptance thereof must be made within the time allowed or the optionee's rights thereunder will be lost. It is also apparent that substantial compliance with the terms of the option is not sufficient to constitute an acceptance of the offer.

"Compliance with its terms is minutely required." *Olson* v. *Sash,* 217 Mich. 604.

"An option is but an offer, strict compliance with the terms of which is required; acceptance must be in compliance with the terms proposed by the option both as to the exact thing offered and within the time specified; otherwise the right is lost." *Bailey* v. *Grover,* 237 Mich. 548.

See, also, *Nu-Way Service Stations, Inc.,* v. *Vandenberg Bros. Oil Co.,* 283 Mich. 551.

In order that plaintiff comply with the terms of the option, it was necessary that he tender the agreed amount either in cash or by certified check prior to the expiration of the time specified. He did neither, but instead thereof, tendered a cashier's check. As exact compliance with the terms of the option agreement was necessary, plaintiff cannot prevail unless we are to hold that a cashier's check and a certified check are identical. This, of course, cannot be held in the face of obvious distinctions. For a definition of a certified check, see 9 C. J. S. p. 787, § 371. As to cashier's checks, see 10 C. J. S. p. 409, § 5; *Polotsky* v. *Artisans Savings Bank,* 37 Del. 151 (188 Atl. 63, 107 A. L. R. 1458); *State* v. *Tyler County State*

*Bank* (Tex. Com. App.), 277 S. W. 625 (42 A. L. R. 1347) ; *Causey* v. *Eiland,* 175 Ark. 929 (1 S. W. [2d] 1008, 56 A. L. R. 529).

By tendering the cashier's check drawn upon The Detroit Bank, plaintiff was offering an instrument upon which the issuing bank alone was liable. The agreement called for and contemplated a check drawn by plaintiff and certified at his request, which would have given defendant the advantage of being able to rely upon the primary liability of the certifying bank as well as the liability of the maker of the check, who would not be discharged by a certification obtained at his request. *Railway Express Agency, Inc.,* v. *Thomas,* 5 Fed. Supp. 345.

The distinction is important, and in view thereof we must hold that plaintiff's tender was insufficient.

The result reached is not affected by reason of the fact that The Detroit Bank was a going concern at the time the cashier's check was issued and tendered, and continued, as the record shows, to conduct business thereafter.

Plaintiff also contends that by reason of the surrounding circumstances his deed to defendant should be construed as a mortgage. We are unable to see any substantial distinction between the facts of the instant case and those involved in *Daniels* v. *Johnson,* 24 Mich. 430, where a similar claim was made and disallowed.

Decree affirmed, with costs to defendant.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, NORTH, and MCALLISTER, JJ., concurred. BUTZEL, J., did not sit.