MATHIEU v. WUBBE.

1. CONTRACTS—OPTIONS—ACCEPTANCE.
   An option is a mere offer of which an acceptance must be made within the time allowed or the optionee's rights thereunder will be lost.

2. SAME—OPTIONS—SUBSTANTIAL COMPLIANCE NOT AN ACCEPTANCE.
   Substantial compliance with the terms of an option is not sufficient to constitute an acceptance of the offer.

3. SAME—OPTIONS—ACCEPTANCE—TERMS—TIME.
   Acceptance of an offer, contained in an option, must be in compliance with the terms proposed by the option both as to the exact thing offered and within the time specified.

4. SAME—OFFER AND ACCEPTANCE.
   There must be an offer and an acceptance before there can be a legally enforceable obligation.

5. SAME—OPTION PRESENTING ALTERNATIVES—DEFINITENESS OF ACCEPTANCE.
   Definiteness in an acceptance is required where option containing offer presents alternatives.

6. SAME—OPTION PRESENTING ALTERNATIVES—INDEFINITE ACCEPTANCE.
   Telegraphed statement that optionee was ready to close deal was not a sufficient acceptance of option to purchase, contained in lease, where option to buy rooming house was with or without furniture and lessor had previously also offered to renew the lease, since the telegram was not sufficiently definite as to deal involved.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 8] 55 Am Jur, Vendor and Purchaser, § 40.
[2, 3] 12 Am Jur, Contracts, §§ 39, 45; 55 Am Jur, Vendor and Purchaser, §§ 38, 39.
[4] 12 Am Jur, Contracts, § 37 .
[5-7] 12 Am Jur, Contracts, §§ 39, 64.
[7] 3 Am Jur, Appeal and Error, § 823.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONTRACTS—SUN-
DAY—TIME—ACCEPTANCE OF OFFER.
>   Determination that telegram sent on Sunday, purporting to ac-
>   cept defendant lessor's offer, did not constitute a sufficient ac-
>   ceptance thereof, rendered it unnecessary to determine when
>   telegram became effective or what effect statute dealing with
>   Sunday contracts had upon the telegram (CL 1948, § 436.1).

8. CONTRACTS—DEALINGS BETWEEN THE PARTIES AFTER EXPIRATION
OF OPTION.
>   The optionor may deal with anyone, including the optionee, after
>   the expiration of the option and no legal effect would arise
>   from such new dealings in the absence of some new, contractual
>   relation.

9. APPEAL AND ERROR—REMAND—DETERMINATION OF DAMAGES—
DEPOSITS IN COURT—STAY OF PROCEEDINGS.
>   Remand for purpose of determining damages sustained incident
>   to optionee's appeal from order dismissing bill for specific
>   performance and for payment thereof from deposit made in
>   court incident to stay of proceedings on appeal is ordered,
>   where dismissal of bill is affirmed.

Appeal from Wayne; Sweet (Lucien F.), J., pre-
siding. Submitted April 3, 1951. (Docket No. 8,
Calendar No. 44,949.) Decided May 14, 1951.

Bill by Clara Mathieu against Bernard Wubbe to
compel specific performance of a claimed contract
for sale of land. Decree for defendant. Plaintiff
appeals. Affirmed and remanded.

*M. F. Wolfgang,* for plaintiff.

*Ballantine, Kennedy & Huhn,* for defendant.

BUTZEL, J. Clara Noble, plaintiff, and her husband
were the lessees of a rooming house in the city of
Detroit. They were divorced, and Clara Noble, now
Clara Mathieu, became the sole owner of the inter-
ests of herself and her former husband in the leased

premises.   The property was owned by Bernard Wubbe, defendant.

The original lease was for 1 year, from August 1, 1947, to July 31, 1948, at a monthly rent of $100.   It contained the following provisions:

"It is further expressly understood and agreed between the parties hereto that the tenant shall have the option at the expiration of the term hereof, to renew this lease under the same terms and conditions hereinbefore and hereinafter set forth for an additional term of 1 year, upon written notice.

"It is further understood and agreed between the parties hereto that during the term hereof or the extension thereof by virtue of the provisions of the paragraph next above set forth, that the tenant shall have the option to purchase the demised premises at the agreed price of $16,500 including the furniture now on the said premises, or for the agreed price of $15,000 not including the furniture now on the premises."

The lease further provided that if the option to purchase were exercised the down payment would be one-half of the purchase price, "after deducting any indebtedness by way of mortgage."

Plaintiff exercised the option to renew the lease for 1 year, and remained in possession under the lease until July 31, 1949, on which day, a Sunday, at about 8:30 in the evening, she sent the following telegram:

"Bernard Wubbe.   Request Ans.   *   *   *
"Ready to close deal on 108 Winder Street.   Please call me Monday morning.

                                    CLARA MATHIEU."

The telegram was received very early in the morning of August 1st by defendant.

There is some conflict in testimony as to the events which preceded the sending of the telegram.   The

plaintiff testified that she had tried, but was unable to contact the defendant. The defendant testified, and was partially corroborated by the testimony of his housekeeper, that the parties had conversed about 2 weeks prior to July 31, 1949, and at that time the plaintiff had said that she would be unable to exercise the option, for she could not raise sufficient money to meet the down payment. Wubbe offered to renew the lease at a higher rent, but this offer was refused. The trial court accepted the testimony of the defendant as true.

After plaintiff sent the telegram there was a telephone conversation between the parties, and it was agreed that they would meet at the office of defendant's attorney at 10:30 on Monday morning (August 1, 1949). At the meeting, according to the plaintiff's own testimony, the defendant refused to recognize the option as still binding, although his attorney advised him to the contrary. The plaintiff insisted on exercising the $15,000 option provision. The defendant offered to sell the premises for $16,500, including the furniture, with an $8,000 down payment, but this was refused. The plaintiff's attorney was given an abstract of title, but when he called shortly thereafter for an extension of time for its examination, it was refused, and he was told all dealings were off. This suit for specific performance of the option followed. The plaintiff was denied relief by the trial court and has taken this appeal.

The plaintiff makes 2 contentions, first, that the telegram taking up the option was effective when sent, and second, if there were any defects in the acceptance they were waived by the defendant's subsequent actions. The appellant's first contention ignores a more basic question: Was the telegram a legally effective acceptance of the continuing offer of the option? The telegram was an indication of

willingness to make some agreement, but it did not specify which was contemplated.

In *Beecher* v. *Morse*, 286 Mich 513, we said:

"It is well settled by the decisions that an option is a mere offer, and that acceptance thereof must be made within the time allowed or the optionee's rights thereunder will be lost. It is also apparent that substantial compliance with the terms of the option is not sufficient to constitute an acceptance of the offer. * * *

" 'An option is but an offer, strict compliance with the terms of which is required; acceptance must be in compliance with the terms proposed by the option both as to the exact thing offered and within the time specified; otherwise the right is lost.' *Bailey* v. *Grover*, 237 Mich 548.

"See, also, *Nu-Way Service Stations, Inc.*, v. *Vandenberg Bros. Oil Co.*, 283 Mich 551."

Before there can be a legally enforceable obligation there must be an offer and an acceptance. When there is a single offer, a simple assent might be sufficient, but when there are alternatives, definiteness is required. To hold otherwise would be to bind the defendant to some contract, but to allow the plaintiff complete freedom of choice. The telegram of July 31, 1949, was not a sufficient acceptance of the defendant's offer.

In view of the foregoing we need not decide when the telegram became effective as an acceptance, or what effect CL 1948, § 435.1 (Stat Ann § 18.851), dealing with Sunday contracts, had on this telegram.

The appellant's second contention arises out of a misconception as to the legal status of the parties when they met on August 1, 1949. When the option expired on July 31st, the defendant was relieved of any obligation he might have owed to the plaintiff prior to that time. He could, if he wished, sell the property in question to anyone and this included the

plaintiff. Therefore he could deal with the plaintiff, and no legal effect would arise from these dealings in the absence of some new contractual relation.

The decree of the trial court dismissing the bill is affirmed, with costs to defendant.

An additional order was made by the trial court staying proceedings pending an appeal to this Court, and requiring plaintiff to deposit $400 a month with the clerk of the Wayne circuit court, which sums together with $200 previously deposited were to be held until the determination of the controversy. The aggregate of the sums on deposit was not to exceed $5,000. In case of affirmance these sums so deposited were to be used to pay such damages as it might be judicially determined that defendant suffered. The case is remanded to determine damages and make payment in accordance with such additional order.

REID, C. J., and BOYLES, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.