Zimmerman, J.
County boards of elections are of statutory creation, and the members thereof in the performance of their duties must comply with applicable statutory requirements.
In Section 2731.01, Revised Code, mandamus is defined as “a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
So, the ultimate question for decision here is whether respondents, composing the board of elections, failed to perform an act specially enjoined by law.
Section 3515.03, Revised Code, provides in part:
“Each application for a recount shall separately list each precinct as to which a recount of the votes therein is requested, and the person filing an application shall at the same time deposit with the board of elections ten dollars in currency or certified check for each precinct so listed in such application as security for payment of charges for making the recount therein applied for, which charges shall be fixed by the board as provided in Section 3515.07 of the Revised Code.”
It will be noted that such section expressly requires the deposit of cash or, in the alternative, a certified checlc.
Relator chose to tender a “bank money order.” A bank money order, which is equivalent to a cashier’s check, and a certified check are not identical. The former is an instrument issued by an authorized officer of a bank and directed to another, evidencing the fact that the payee may demand and receive upon endorsement and presentation to the bank the amount stated on the face of the instrument. Such an instrument is paid from the bank’s funds, and liability for payment rests solely on the issuing bank.
*188 On the other hand, a certified check is an ordinary bill of exchange drawn on a bank by a depositor and recognized and accepted by a proper officer of the bank as an appropriation of the amount specified therein to the named payee. It may also be described as a check drawn by a depositor on funds to his credit in a bank and which a proper officer of the bank certifies in writing on the check will be honored when duly presented for payment. However, such certification does not relieve the drawer of the check from personal liability thereon.
A case directly in point in principle is that of Beecher v. Morse, 286 Mich., 513, 516, 282 N. W., 226, 227, where the court stated in the course of its opinion:
“In order that plaintiff comply with the terms of the option, it was necessary that he tender the agreed amount either in cash or by certified check prior to the expiration of the time specified. He did neither, but instead thereof tendered a cashier’s check. As exact compliance with the terms of the option agreement was necessary, plaintiff cannot prevail unless we are to hold that a cashier’s check and a certified check are identical. This, of course, cannot be held in the face of obvious distinctions. For a definition of a certified check, see 9 C. J. S. [Banks and Banking], P. 787, Section 371. As to cashier’s checks, see 10 C. J. S. [Bills and Notes], P. 409, Section 5 * * * [and cited cases].
“By tendering the cashier’s check drawn upon The Detroit Bank plaintiff was offering an instrument upon which the- issuing bank alone was liable. The agreement called for and contemplated a check drawn by plaintiff and certified at his request, which would have given defendant the advantage of being able to rely upon the primary liability of the certifying bank as well as the liability of the maker of the check, who would not be discharged by a certification obtained at his request. * * *
“The distinction is important, and in view thereof we must hold that plaintiff’s tender was insufficient.
“The result reached is not affected by reason of the fact that The Detroit Bank was a going concern at the time the cashier’s check was issued and tendered, and continued, as the record shows, to conduct business thereafter.”
This court has said that the requirements of the state elec *189 tion statutes are mandatory and must be strictly complied with. Williams v. O’Neill, 142 Ohio St., 467, 472, 52 N. E. (2d), 858, 861, and Pierce v. Brushart, 153 Ohio St., 372, 378, 92 N. E. (2d), 4, 7. It has also said that the determination of a board of elections is revie wable by a court “if procured by fraud or corruptions, or where there has been flagrant misinterpretation of a statute, or a clear disregard of legal provisions applicable thereto.” Sullivan v. State, ex rel. O’Connor, 125 Ohio St., 387, 392, 181 N. E., 805, 806. See, also, State, ex rel. Lemert, v. Board of Elections of Muskingum County, 149 Ohio St., 211, 78 N. E. (2d), 368.
What the judges of the Court of Appeals for Stark County or the members of this court acting as the Board of Elections of Stark County might have done by way of accepting and cashing relator’s “bank money order” and proceeding with the recount is beside the point. The respondents decided on a strict and literal interpretation of Section 3515.03, Revised Code. As we have hereinbefore pointed out, a certified check and a bank money order are different kinds of instruments, and respondents may hardly be subjected to a writ of mandamus for following the precise requirements of the statute. It is to be remembered that mandamus is an extraordinary legal remedy, and that the relator must show a clear legal right to the relief sought as a condition precedent to the issuance of the writ.
Counsel for respondents, relying on Section 2731.09, Revised Code, asserts in this court that, since the alternative writ of mandamus was signed by all three members of the Court of Appeals, a demurrer to the petition was unauthorized and improper and such court lacked jurisdiction to entertain and decide the same. However, counsel for respondents represents, without contradiction, that the original counsel for relator acquiesced in the filing of the demurrer as an expeditious measure, and that the impropriety of the demurrer was neither raised in nor considered by the Court of Appeals. That court had jurisdiction of the subject matter and the parties, and in such circumstances this court has repeatedly and consistently held that in an appeal on questions of law it will not consider and determine claimed errors which were not raised and preserved in the court from which the appeal is properly taken. 3 Ohio *190 Jurisprudence (2d), 38, 462, Sections 185, 550; 4 Ohio Jurisprudence (2d), 534, Section 1178. And a violation of Section 2731.09, Revised Code, constitutes a breach of a procedural statute only.
No reversible error in the judgment of the Court of Appeals being apparent, such judgment is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Stewart and Bell, JJ., concur.
Taft, J., dissents.