RAPANOS v PLUMER

1. CONTRACTS—PROPERTY—OPTION TO PURCHASE LAND—COMPLIANCE WITH TERMS.

Acceptance of an option to purchase land must be in strict compliance with the terms proposed.

2. CONTRACTS—PROPERTY—OPTION TO PURCHASE LAND—NOTICE OF ACCEPTANCE.

A son who had no interest whatsoever in certain land but who joined with his father in giving an option to purchase it was not entitled to notice of acceptance of the option.

3. EVIDENCE—CONCLUSIONS OF WITNESSES—OWNERSHIP.

A witness should not be allowed to state conclusions as to ownership, but where a witness gives sufficient supporting facts upon which his conclusion is based, there is no presumption of prejudice.

Appeal from Midland, James R. Rood, J. Submitted Division 3 June 6, 1972, at Grand Rapids (Docket No. 12401.) Decided June 27, 1972.

Complaint by John A. Rapanos against Roland Plumer and Robert Plumer for specific performance of an option to purchase land. Judgment for plaintiff. Defendants appeal. Affirmed.

*Edward G. Durance,* for plaintiff.

*Francis, Wetmore & Groom,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts § 32.
[2] 17 Am Jur 2d, Contracts § 357.
[3] 29 Am Jur 2d, Evidence § 503.

Before: R. B. Burns, P. J., and Levin and Tar-gonski,* JJ.

R. B. Burns, P. J. The trial court's determination of the factual setting is as follows.

For a consideration of $1,000 defendants gave Charles Milne a written option to purchase 35 acres of land belonging to defendant Roland Plumer. Roland Plumer wanted his son, Robert Plumer, included as a "seller" on the option agreement because his son "would have to do the business" if the father was gone or unable to do it. Other than expectations of inheritance the son, Robert, had no interest in the 35 acres. The option to purchase, being assignable, was assigned to plaintiff who, one day before the option was due to expire, executed a written "notice of intent to purchase" and instructed a real-estate agent to deliver it to Roland Plumer. Roland Plumer received the "notice of intent to purchase" the day it was executed but Robert Plumer was not notified at all. We are unable to say that we would have arrived at factual conclusions different than those presented by the trial court. See *Biske v City of Troy*, 381 Mich 611 (1969).

Defendants appeal the trial court's decision granting specific performance of the option agreement. Defendants' primary contention focuses on lack of service on Robert Plumer of plaintiff's intent to purchase. The option contract states:

"2. Seller * * * hereby agrees that a notice of intent to purchase signed by the Buyer or his successors or assigns and delivered in person or mailed by registered or certified letter to Seller * * * on or before the date of the expiration of this Option shall be sufficient evidence of election to purchase said land."

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Under the circumstances it was reasonable for plaintiff to conclude that notifying Roland Plumer was all that was contractually necessary.

As plaintiff's research suggests "strict compliance" with the terms of an option is the rule in Michigan. *Olson v Sash,* 217 Mich 604 (1922); *Bailey v Grover,* 237 Mich 548 (1927); *Beecher v Morse,* 286 Mich 513 (1938); *Bergman v Dykhouse,* 316 Mich 315 (1946).

Analysis of plaintiff's case authority, however, reveals an important and decisive distinction from this case. Excusing noncompliance in the cases cited by plaintiff would have prejudiced someone who held an important interest in the optioned property. In the present case, the owner's son had no interest at all. The case relied on by the trial court is more analogous to the present situation. In *Jefferson Land Co v Kannowski,* 233 Mich 210 (1925), the husband-seller, separated from his wife, obtained his wife's signature on an option which was later exercised by notice to the husband alone. In holding the notice to the husband operative on the wife as well, the Court stressed that the wife had no interest in the property which she could sell herself. All the wife had in the *Kannowski* case was an inchoate right of dower. In this case Robert Plumer has no legal interest whatsoever in the optioned property.

Testimony by Robert Plumer as to nonownership was objected to by defendants on the theory that it amounted to an impermissible legal conclusion. Robert Plumer gave enough supporting facts to refute any presumption of prejudice. See *McDuffie v Root,* 300 Mich 286 (1942). These supporting facts were also sufficient to uphold the conclusion by the fact-finder that Robert Plumer had no interest in the property owned by his father.

Affirmed. Costs to plaintiff.

All concurred.