S. William GREEN, Justin Colin and
Roger J. Hochstin, Plaintiffs,

v.

HAMILTON INTERNATIONAL CORPO-
RATION, MEI Corporation and House-
hold Finance Corporation, Defendants.

No. 76 Civ. 5433.

United States District Court,
S. D. New York.

Oct. 23, 1979.

Milgram, Thomajan, Jacobs & Lee, P. C., New York City, by Robert A. Meister, New York City, for plaintiffs.

Cadwalader, Wickersham & Taft, New York City, by George D. Reycraft, Richard J. Wiener, Thomas J. O'Connell, New York City, for defendants.

## MEMORANDUM OPINION and ORDER

LOWE, District Judge.

This is a civil action for money damages whereby plaintiffs allege violations of Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder.

The defendants Hamilton International Corporation ("HIC"), MEI Corporation ("MEI") and Household Finance Corporation ("HFC") have moved for summary judgment. Plaintiffs have cross-moved for summary judgment against defendants HIC and MEI, and have cross-moved for partial summary judgment against HFC.

For the following reasons, defendants' motions and plaintiffs' cross-motions are denied in all respects.

### I. *Facts*

Plaintiffs S. William Green, Justin Colin and Roger J. Hochstin owned convertible debentures of defendant HIC having a redemption value of $300,000. The right to redeem expired on Sunday, October 31,

1976, at 3:00 p. m., E.S.T. The conversion rate was $2.25 per share.[1] Two weeks prior to October 31, 1976, HIC common stock was publicly trading at a price well below the conversion rate.

At 11:00 a. m., E.S.T., on Monday, November 1, 1976, defendant HFC delivered a written merger offer to HIC proposing to acquire the latter corporation by purchasing all outstanding shares at $4.00 per share. Plaintiffs redeemed their debentures at 4:15 p. m., E.S.T., Monday, November 1, 1976 without knowledge of the outstanding offer. News of the proposed merger was released to the public on November 4, 1976. Plaintiffs demanded recission of the redemption; defendants rejected this demand.

Plaintiffs commenced this action contending that defendants conspired to violate Section 10(b) and Rule 10b–5 of the Securities and Exchange Act of 1934: (1) by concealing, through their silence, alleged pre-November 1st merger negotiations, and (2) by failing to inform defendants on November 1st, when they redeemed, that HFC had made a merger offer to HIC that morning.

### II. *Plaintiffs' Cross-Motions for Summary Judgment*

Plaintiffs' cross-motions for summary judgment and cross-motion for partial summary judgment are premised on the argument that an expiration date ending on a Sunday, as a matter of law, is extended to Monday. Defendants argue that the expiration date in the debentures is not extended by statute or the case law of the jurisdiction. This Court finds, upon the authorities cited by defendants, that October 31, 1976, even though a Sunday, was, under Michigan Law, the expiration date of plaintiffs' debentures.[2]

---

1. Each HIC debenture provides:
   "*Conversion.* The registered holder of this Debenture shall have the right, at his option, at any time and from time to time until 3:00 P.M., E.S.T., on October 31, 1976, to convert the principal of this Debenture, in whole or in part, into shares of Common Stock of the Company at a conversion price of two dollars and twenty-five cents ($2.25) per share . .

   by surrender of this Debenture at the principal office of the Company."

2. Both parties agree that Michigan Law governs the determination of this issue. Plaintiffs cite Mich.Comp.Laws Ann. § 440.3503(3), a provision of Article 3 of the Uniform Commercial Code as enacted in Michigan. This section is inapplicable since it does not govern deben-

■ Although plaintiffs' debentures expired as a matter of law on Sunday, October 31, 1976, an arrangement was made between the parties on October 18 and 19, 1976 for redemption to actually occur on Monday, November 1, 1976. Based on the affidavits, exhibits and depositions, there is a question of fact whether or not this accommodation extended plaintiffs the right to redeem and also convert their debentures. Accordingly, defendants' motion and plaintiffs' cross-motion for summary judgment on this issue are denied. *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272 (2d Cir. 1967); *Rains v. Cascade Industries, Inc.*, 402 F.2d 241 (3d Cir. 1968).

### III. *HIC's Motion for Summary Judgment and Plaintiffs' Cross-Motion Against HIC*

Plaintiffs cross-move that summary judgment should be granted to them against HIC for HIC's failure to disclose on November 1, 1976 the delivery of the merger offer to HIC earlier that day. This motion must be denied.

Defendant HIC moves for summary judgment arguing that it did not fail to disclose material information to plaintiffs, either as part of a conspiracy or otherwise, and did not possess the requisite intent to defraud plaintiffs. This motion must also be denied.

■ These motions present a question of fact whether or not HIC acted with the requisite scienter[3] in not disclosing receipt of the merger offer during the short time period between its receipt and the expiration of plaintiffs' extended conversion rights, if any. This question must be decided by a jury. *American Mfrs. Mut. Ins. Co., supra; Empire Electronics Co. v. United States*, 311 F.2d 175, 179 (2d Cir. 1962).

### IV. *MEI's Motion for Summary Judgment and Plaintiffs' Cross-Motion Against MEI*

■ Plaintiffs claim that MEI intentionally, knowingly and wrongfully participated in a conspiracy to defraud them. Plaintiffs also claim that MEI is liable, as a matter of law, as a controlling person of HIC under Section 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78t(a).

Defendants argue that summary judgment should be granted in their favor because there is no evidence that MEI controlled HIC, and there is no evidence that MEI participated in any fraud.

Defendants do not deny that MEI had the potential to control HIC.[4] However, even if HIC is found liable to plaintiffs, and MEI is deemed a controlling person of HIC, there is a question of fact concerning MEI's good faith, which, if established, provides the statutory defense set forth in Section 20(a).[5] Also, there is a question of fact

---

tures. Mich.Comp.Laws Ann. § 440.3501(1); See *Stoerger v. Invesdale Co-op Grain Co.*, 15 Ill.App.3d 313, 304 N.E.2d 300 (Ct.App.1973).

Plaintiffs also cite Mich.Comp.Laws Ann. § 435.101. This section is not applicable because it establishes bank and court holidays for the regulation of the banking industry, not corporate debentures. See *Elsey v. Prudential Ins. Co.*, 262 F.2d 432 (10th Cir. 1958).

The Michigan cases plaintiffs cite concern administrative and procedural rules affecting situations significantly different from this case. Similarly, this Court is not persuaded that the repeal and amending of certain Michigan Blue Laws significantly affects this issue.

Plaintiffs contracted for an option to convert or redeem their debentures. Time is of the essence in the exercise of options, 6 Williston, *Contracts* § 853 at 212–13 (3d ed. 1962), quoting *Donovan Motor Car Co. v. Niles*, 246 Mass. 106, 140 N.E. 304 (1923); See also 1 Corbin,

*Contracts* § 35 at 146–47 (1963), and strict compliance with the terms of an option is the rule in Michigan. *Rapanos v. Plumer*, 41 Mich. App. 586, 200 N.W.2d 462 (Ct.App.1972).

3. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), *reh. denied*, 425 U.S. 986, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1976).

4. As of August 24th and until November 23, 1976, MEI Corporation owned approximately 27% of the voting power of HIC capital stock and six of sixteen members of HIC's Board of Directors were also directors of or otherwise affiliated with MEI. (Memorandum of Defendants In Support of Their Motion for Summary Judgment at 6, citing Reycraft Affidavit ¶ 16).

5. 15 U.S.C. § 78t(a).

whether or not MEI knew of the merger no later than the October 29, 1976 HIC Executive Committee Meeting, attended by MEI officers, during which an officer of HFC telephoned HIC.

Since these questions must be resolved by a jury, both defendants' motion and plaintiffs' cross-motion for summary judgment on this issue are denied.

### V. HFC's Motion for Summary Judgment and Plaintiffs' Cross-Motion Against HFC

Plaintiffs seek partial summary judgment against HFC on the ground that it rendered substantial assistance to HIC's alleged fraud. Plaintiffs contend that HFC is liable as an aider and abettor of the alleged fraud by HIC because HFC knew that HIC did not disclose receipt of the merger offer on November 1, 1976, and that HFC agreed with HIC not to make public disclosure of the merger offer until HIC did.

Defendants argue that HFC had no duty to plaintiffs to disclose its intention to make a merger offer to HIC, and HFC did not conspire to defraud plaintiffs.

For the following reasons, plaintiffs' cross-motion for partial summary judgment and defendants' motion for summary judgment are denied.

Plaintiffs seek to establish the liability of HFC as an aider and abettor of HIC's alleged fraud by proving: (1) fraud by the primary violator (HIC); (2) knowledge of the primary fraud by the alleged aider-abettor (HFC); and (3) substantial assistance by the aider-abettor (HFC). *Rolf v. Blyth, Eastman Dillon & Co., Inc.*, 570 F.2d 38 (2d Cir. 1978), *cert. denied*, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978). There is a material issue of fact whether or not plaintiffs have satisfied the three part test in *Rolf, supra*. Whether or not HFC was under the duty to disclose, since it did not trade in HIC securities prior to November 1, 1976, depends on HFC's status as an aider-abettor. *Lanza v. Drexel & Co.*, 479 F.2d 1277 (2d Cir. 1973) (en banc); *Murphy v. McDonnell & Co., Inc.*, 553 F.2d 292 (2d Cir. 1977).

Accordingly, plaintiffs' cross-motion and defendants' motion on this issue are denied.

### VI. Plaintiffs' Common Law Claims

The foregoing factual issues prevent summary judgment on plaintiffs' common law claims. See *Green v. Hamilton International Corp.*, 437 F.Supp. 723, 729 (S.D.N.Y.1977).

### VII. Conclusions

For all of the above reasons, defendants' motions for summary judgment and plaintiffs' cross-motions for summary judgment are denied in all respects.

IT IS SO ORDERED.